ROBERT RANKIN & al., *in review, versus* JOHN GODDARD.

A foreign judgment is not conclusive upon the parties in an action here involving the same subject matter.

But the jurisdiction of the foreign court, its power over the parties and the matters in controversy, may be inquired into; and it may be impeached for fraud.

ON FACTS AGREED.

WRIT OF REVIEW.

The facts were reported with an agreement that, if the effect of the judgment in New Brunswick between the parties concluded the defendant from maintaining his original action against the plaintiffs, the Court were to render the proper judgment for the plaintiffs; otherwise the case was to stand for trial.

The record of the foreign judgment was set forth *in extenso* in the agreed statement.

*W. H. McCrillis,* for the plaintiffs.

A foreign judgment is conclusive to show by way of defence that a subject matter has once passed " *in rem judicatam."* *Barney* v. *Patterson,* 6 Har. & Johns., 182, 202, 203; *James* v. *Allen,* 1 Dall., 188; *Thompson* v. *Tolumic,* 4 Johns. Ch. Rep., 460; *Embree* v. *Harmon,* 5 Johns., 101; *Bissell* v. *Briggs,* 9 Mass. 462, 468; *Homer* v. *Parker,* 3 Mason, 247, 251; 8 Cowan, 311; *Crandson* v. *Leonard,* 4 Cranch, 434, 441–2; *Smith* v. *Lewis,* 3 Johns., 168.

The distinction between the effect of a foreign judgment in a suit directly upon it, and when it is relied upon in defence " *exceptio rei judicata"* has existed since the time of Lord NOTTINGHAM. 2 Kent's Com., 119; Story's Conflict of Laws, § 598; *Smith* v. *Lewis, ubi supra; Andrews* v. *Herriot,* 4 Cowan, 520, note; *Phillips* v. *Hunter,* 2 H. Blackstone, 410.

The judgment must be a bar to this suit, or there will be two adverse recoveries, one in favor of the plaintiffs, on the ground that they were entitled to the delivery of the timber, and it had not been delivered, and the other in favor of the defendant, on the ground that he had delivered the timber and plaintiffs had not paid for it. A judgment is invariably conclusive of the fact of its own rendition, and the legal consequences of such judgment follow, one of which is, that Goddard did not deliver the timber. The judgment was a final adjustment of all the claims of both parties relating to the timber, and a merger of the contract.

A judgment in favor of a vendee for non-delivery of wheat is a bar to an action by the vendor for the price, although the damages in the first case were for too much. *Day* v. *Dix,* 9 Wend., 129. So a judgment in favor of a vendor for the price of a part only of the goods, is a bar to a subsequent suit by the vendor for non-delivery. *Lawrence* v. *Hunt,* 10 Wend., 80. See also *Stevens* v. *Teft,*

8 Gray, 419; *Sawyer* v. *Woodbury*, 7 Gray, 501; *Merriman* v. *Whittemore*, 5 Gray, 316; *Barrett* v. *Smith*, 4 Gray, 50; *McDowell* v. *Langdon*, 3 Gray, 513; *Foote* v. *Gibbs*, 1 Gray, 413; *Gilbert* v. *Thompson*, 9 Cush., 348; *Dalton* v. *Woodman*, 9 Cush., 260; *Eastman* v. *Cooper*, 15 Cush., 276.

Goddard cannot sustain his suit on grounds which would have constituted a sufficient defence to the action of Rankin and als. against him. *Maret* v. *Hampton*, 7 Durn. & East, 265; *LeQueen* v. *Governeur*, 1 Johns., 436; *Emberry* v. *Carver*, 3 Coms., 522; *Vorhees* v. *Bank of U. S.*, 10 Pet., 449; *Ethridge* v. *Osborne*, 12 Wend., 399. The exceptions to this rule, mentioned in *LeQueen* v. *Governeur*, *supra*, *Whitcomb* v. *Williams*, 4 Pick., 228, *Fowler* v. *Shearer*, 7 Mass., 14, and *Rowe* v. *Smith*, 16 Mass., 306, do not apply to this case.

Evidence *aliunde* to explain a record is admissible. Whether any matters have been tried between the same parties is a fact depending partly upon parol testimony and partly upon the record. *Cist* v. *Zeigler*, 16 Sergt. & Rawle, 282, 285; *Parker* v. *Thompson*, 3 Pick., 429, 433, 434; *Gardner* v. *Buckler*, 3 Cow., 120; *Doty* v. *Brown*, 4 Comst., 71; *Taylor* v. *Dunton*, 43 N. H., 495; *Bridge* v. *Grey*, 14 Pick., 55; *Lord Bagot* v. *Williams*, 3 Barn. & Cres., 239.

It is immaterial whether the former is pleaded in bar or given in evidence. *Marsh* v. *Pier*, 4 Rawl., 273. In this State and Massachusetts, it is sufficient if the brief statement set forth the former judgment. *Gilbert* v. *Thompson*, 9 Cush., 348.

There is no difference between foreign judgments and judgments of neighboring States of the Union. Appearance in a court, where proceedings are according to the common law, confers jurisdiction. Goddard appeared without objection to the jurisdiction. If the origin of the foreign court do not appear, it will be deemed legitimate. *Snell*

v. *Fausatt*, 1 Wash. C. C. Rep., 271, 274; *Yrissarri* v. *Clement*, 2 Carr. & P., 223.

*Drummond*, for the defendant.

APPLETON, C. J.—On the 20th Dec. 1855, the defendant Goddard, at St. John, N. B., sold the plaintiffs in review eight hundred tons of merchantable white pine timber, "to be delivered by Josiah Adams," for the price of which he received their acceptance on three months, which was paid at maturity.

After the sale, the plaintiffs in review demanded of Adams the timber sold, who failing to deliver any, they commenced an action in the Supreme Court of New Brunswick for damages for its non-delivery. In their writ they duly set forth their contract with Goddard, that they had paid for the lumber, and that, upon demand, the same was not delivered. Upon a trial before the jury, they recovered a verdict for the damages by them sustained. *Rankin* v. *Goddard*, 4 Allen, (N. B.,) 155.

Subsequently, the defendant Goddard sued Rankin & Co. for the above mentioned timber in this State, recovered judgment for the price thereof, and satisfied the execution issued upon such judgment by a levy on the real estate of the judgment debtors.

The plaintiffs in review being afterwards advised of these proceedings, petitioned this Court for a review of the action, Goddard against them, which being granted, they sued out this writ of review.

The contract between these parties was made in New Brunswick. The rights of the parties under it are to be determined by the law of that Province. The courts there established had jurisdiction of the subject matter of the suit, *Rankin* v. *Goddard*, for the non-delivery of the lumber and of the parties thereto. Goddard appeared and contested the suit, but it was decided adversely to him. The respective rights of the parties have received a final adjudication in the jurisdiction in which they originated.

The action reviewed was for lumber sold and delivered, but Goddard could not recover therefor in New Brunswick, because it was there conclusively settled in a suit between these parties, that the timber was never delivered, though its price had been paid Goddard by these plaintiffs.

The general rule of damages for the non-delivery of goods, is the difference between the contract price and the market value of the article at the time and place, where by the terms of the contract it should have been delivered, if no money has been paid by the vendee. If the price has been paid in advance, the vendee may recover in addition the money advanced and interest thereon. If, then, the price of the goods has not been paid, it is to be shown in reduction of damages. In *Day* v. *Dix & al.*, 9 Wend., 129, where a vendee brought an action against a vendor for the non-delivery of a large quantity of wheat, which the latter had contracted to sell to the former at a stipulated price, and a recovery had for the full value of the wheat, although but a nominal sum to bind the bargain had been paid, and the vendor subsequently brought his action to recover the price of the wheat as stipulated in the contract, *it was held* that the action would not lie; that the plaintiff ought in the former action to have insisted that he was only liable for the difference between the contract price and the value of the article, and, having omitted to do so, he could not bring a cross suit for the price.

It was proved in the suit in New Brunswick for the non-delivery of the timber that the price therefor had been paid to Goddard. It is to be presumed that proper instructions as to the legal rights of the parties were given.

· If the price had not been paid Goddard, it was his 'duty to show that fact in reduction of damages. He could not, if he neglected doing it, make it the basis of an action on his part, according to the principles of law established in *Day* v. *Dix*.

In the Province of New Brunswick, Goddard would be concluded by the judgment recovered in the suit brought

State *v.* Smith.

by these plaintiffs against him.   The inclination of English courts seems to be to sustain the conclusiveness of foreign judgments, where, as in the present case, the court by which the judgment was rendered has jurisdiction of the subject matter of the suit and of the parties thereto.   The general doctrine of the American courts is, that they are *prima facie* evidence, but that they may be impeached.   *Jordan* v. *Robinson,* 15 Maine, 167.   The authorities here go to this extent, that the jurisdiction of the court, and its power over the parties and the matters in controversy may be inquired into; and that the judgment may be impeached for fraud.

By the agreement of the parties, the case is to stand for trial.

CUTTING, WALTON, DICKERSON, DANFORTH and TAPLEY, JJ., concurred.