# WILLIAM BAKER

*v.*

# PHILIP R. PALMER.

1. SECURITY FOR COSTS—*may be filed without leave first had.* If a non-resident brings suit without filing a bond for costs, and afterwards files one without first obtaining leave of court, this will be a substantial compliance with the law, and the denial of a motion to dismiss the suit, amounts to leave to file the same.*

2. PLEADING—*plea of discharge under insolvent law.* In an action on a foreign judgment, a plea of discharge under the insolvent laws of the foreign country, which fails to show that the order freed him from liability under the judgment, and fails to set out the foreign law, so that it can be seen whether the discharge was from the indebtedness or from imprisonment for debt, is entirely defective.

*This is under the revision of 1874, p. 297, § 3. Formerly, under the act of 1827 (R. L. 1833, 165-6; R. S. 1845, 126,) relative to costs, the court was required to dismiss the suit whenever a non-resident commenced an action without first having given security for costs. *Ripley* v. *Morris,* 2 Gilm. 381; *Hickman* v. *Haines,* 5 Gilm. 20. See also, *Smith* v. *Rosseter,* 11 Ill. 119.

3. FOREIGN JUDGMENT—*conclusive as evidence.* A judgment of a foreign court having jurisdiction of the subject matter and of the parties, is conclusive evidence in the courts of this State, and can be impeached only for fraud. Evidence to show that the plaintiff had no cause of action in a suit on such judgment, is inadmissible.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action of debt, by Palmer against Baker, upon a judgment rendered by the county court of Hastings county, in the Dominion of Canada.

The following is a copy of the third plea, referred to in the opinion:

" And for further plea in this behalf, the defendant says, *actio non,* because he says that before the date of the supposed judgment in the said declaration mentioned, and before the commencement of the suit in the said declaration mentioned, and before the commencement of this suit, to-wit, on, etc., the county court of the county of Hastings, in the Dominion of Canada, granted to the defendant a discharge in bankruptcy, in the words and figures following, to-wit:

"*Insolvent Act of* 1864. *In the matter of William Baker, an Insolvent. In the County Court of Hastings:*

" Upon reading the petition of William Baker, the above named insolvent herein, and the affidavits and papers filed, and upon hearing the parties and evidence adduced, I do hereby make this my order granting the discharge of the insolvent, the said William Baker, absolutely and unconditionally, and I do hereby grant the prayer of the said petition, and the said insolvent is hereby discharged, absolutely and unconditionally, under said act.

" Dated at Belleville, this 14th day of November, A. D. 1868.
[L. S.]                    " J. H. SHERWOOD, J. C. H.

" And the defendant further says, that the several supposed causes of action in the said declaration mentioned are in respect of debts and claims, and each of them is in respect of a debt and claim by the said insolvent act of 1864, which defendant

says is one of the laws of the Dominion of Canada, in which the said county of Hastings is situated, made provable against the estate of the defendant, and which existed on the said 14th day of November, A. D. 1868, and were within the jurisdiction of the said Dominion of Canada, and subject to the laws thereof, to which the said plaintiff owes allegiance; and that the said supposed causes of action are not, nor are any, nor is any one of them, in respect of any such debts or debt as are or is by the said act excepted from the operation of a discharge in bankruptcy, and this the defendant is ready to verify, etc."

Mr. HENRY V. FREEMAN, for the appellant.

Mr. R. M. DORMAN, and Messrs. WAITE & CLARKE, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It is first urged, that the court below erred in refusing to dismiss this suit because a bond for costs was not filed at the time the suit was brought. A bond was subsequently filed, regular in form and otherwise unobjectionable, but leave of court for the purpose was not obtained. The statute authorizes a bond to be filed within such time as shall be fixed by the court, and the only objection is, that leave of court was not obtained before the bond was filed.

The object of the law has, in this case, been fully attained. Appellee being a non-resident, the law requires that he should secure the opposite party and the officers of the court in their costs. In this case that has been done, by a valid and effectual bond, such as the statute requires, and it was filed, if not strictly, at least substantially, in conformity with the requirements of the statute. The disallowance of the motion, by the court, was virtually leave to file the bond. Had appellee asked and the court granted leave to file the bond, we presume no one would have said it was not correct practice, and the denial of the motion obviously produced the same result. The objection has no force, and can not be said to be even technical.

The purpose of creating and maintaining courts is for the administration of justice, and not to enforce mere supposed technicalities in practice. Appellant has sustained no wrong by the denial of the motion, but has his security for costs.

It is urged that the court below erred in sustaining defendant's demurrer to plaintiff's replication to his third plea, to the plea itself. The plea is clearly bad. It is an attempt to plead a discharge from the claim sued on, in the Canada court. It is defective for several reasons. It does not show or aver that the order discharging defendant released or freed him from liability from this judgment, or from any other debt. The order set out in the plea only discharges defendant absolutely and unconditionally, under the Insolvent Act of 1864. The act is not set out in the plea, and we can not take notice of the terms of a foreign law. For aught we can know, the order may and probably did only discharge him from imprisonment for debt. The order fails to show, so far as it and the plea are concerned, that it was intended to release and discharge appellant from his debts, or any class thereof. The plea was entirely defective, and the demurrer was properly sustained to it.

It is next insisted, that the mere production of the record of the judgment rendered by the Canadian court was not evidence to warrant the rendition of the judgment—that evidence of the original cause of action should have been adduced.

There are, perhaps, few questions of evidence upon which the decisions have been more conflicting than the effect that should be given to a foreign judgment as evidence. Some courts have held them conclusive, some that they are *prima facie* evidence of the finding, and some, again, that they are not evidence to prove anything. All seem to be agreed, that if the foreign court had no jurisdiction, then the judgment is not binding, and that the want of jurisdiction of the court rendering the judgment may be averred and proved; and it has been held that it may be shown, to invalidate the judgment in the forum in which it is questioned, that it was obtained by fraud or mistake. The question has not been of very frequent occurrence in the courts of this country, owing to the consti-

tutional provision, " full faith and credit shall be given in each
State to the public acts, records and judicial proceedings of
every other State." This provision, together with the act of
Congress to carry it into effect, has precluded the question
from being raised on the judgments of other States.

After a careful examination of the British reports, it is
found that they are not harmonious. The earlier decisions of
their courts were, that a foreign judgment was only *prima
facie* evidence of the debt, and that the defendant might con-
tradict it; but the more recent cases in their courts hold, that
such a judgment can not be re-examined by another court
beyond the jurisdiction in which it was rendered, but that it
is conclusive. In the case of *Tarleton* v. *Tarleton*, 4 M. &. S.
20, it was held, that a decree of a foreign court was conclusive
in an action brought in England, and the recent case of
*Godard* v. *Gray*, L. R. 6, Q. B. 139, is to the same effect. See,
also, *Costrique* v. *Imrie*, L. R. 411, L. 414.

In this country, a large preponderance in the number of
cases hold such a judgment no more than *prima facie* evi-
dence of the debt, but the recent case of *Lozier* v. *Westcott*, 26
N. Y. 146, held such a judgment conclusive. It was there
said, that " the same principles and decisions which we have
made as to judgments from the courts of other States of the
Union should be applied to foreign judgments." Similar de-
cisions of other American courts may be found. The tendency
of our courts, like those of Great Britain, seems to be in the
same direction, and no sufficient reason presents itself to our
minds why such a judgment should not be conclusive.

Where the foreign court has jurisdiction of the subject mat-
ter and of the person, and has heard and determined the case,
and rendered the sentence of the law, the cause of action, on
every principle of law, has become merged and swallowed up
in the judgment. It is effectually extinguished by the adju-
dication, and we presume all will concede that the judgment
would, if interposed, be a conclusive bar to another suit brought
in the same jurisdiction, on the same cause of action. If so,
when and under what principle of law does the conclusive

effect of the bar become only a *prima facie* bar to a recovery on the original cause of action?

It is nowhere controverted that a judgment of a foreign Admiralty court is conclusive in all other courts, and why should a distinction be made between the judgments of those courts and others of equal dignity and power? Again, we presume that no one would deny that an award made regularly in a foreign country, would be conclusive in bar, in all courts, of the demand thus arbitrated.

The foreign court, having competent jurisdiction, and having the parties before it, may, by the laws of that country, render the judgment, and the rules of law there in force render the sentence conclusive between the parties, and their rights are thereby conclusively fixed; and why should they not be as irrevocable as if thus fixed by the contract of the parties themselves? It is not the policy of the law to encourage litigation, but " *expedit republicæ ut sit finis litium.*" It seems to us that every reason is in favor of holding the parties bound by the finding of a court, wherever situated, provided it had competent jurisdiction, and proceeded to hear, determine and adjudicate.

If it be said that it is only by comity that we permit such judgments to be used as evidence in our courts, still we should give to them the same force and effect they have where they are rendered. We, by comity, permit a recovery on a contract entered into in a foreign country, and give it effect according to the laws of the country where it was executed; and if we give the laws of foreign countries force and effect to secure individuals their rights growing out of contracts, why not give them their rights growing out of judgments recovered abroad, according to the laws of that country? We will not hesitate, by comity, to enforce the law of contracts of a foreign country, and render a judgment according to that law; and if so, why not enforce a judgment, and give it full force and effect, which has been rendered under and into which that law has entered, and controlled its rendition? We perceive no reason for making a distinction as to the comity in the one case or the other.

If it be said that the court will re-examine the foreign judgment to see whether it has done justice to the parties (and it can be for no other reason), why not inquire whether the foreign law under which a contract is made, and which enters into and controls it, is just, and enforce it or not, according to the sense of justice of the court trying the suit on the contract? Such a position has never, so far as we are aware, been assumed. Why, under the law of comity, only hold such a judgment *prima facie* evidence of the debt? If the judgment by comity is to be recognized, why not give it full force and effect according to the law of the place of its rendition? To give it only a *prima facie* effect does not seem to be acting under the law of comity, but rather sitting in review of the judgment of the foreign court, acting as an appellate court, or, at the very least, granting a new trial when the evidence heard when the judgment was rendered may be difficult if not impossible to procure, thus depriving the party in whose favor the decision was rendered of the benefits of his judgment.

It would, in some cases, lead to anomalous results, as, when a plaintiff recovers a judgment against a party in one country, finds and sues him on the judgment in another, and is defeated on the trial, and the defendant recovers a bar to the action. Here is a defendant who has a complete bar on the merits, and is liable under the judgment of another court to pay the debt which has been thus barred.

We are, therefore, of opinion, that the law should not permit a matter, which has once been solemnly decided by a court of competent jurisdiction of the subject matter and of the parties, to be again brought into litigation between the same parties or their privies, although the sentence or decree may have been rendered by a court in a foreign jurisdiction. In announcing this rule, we are not to be understood as holding that the defendant may not show that the foreign court had no jurisdiction of the subject matter or of the defendant, or, it may be, from showing the judgment was procured by fraud.

But, in this case, so far as it appears, the court had full jurisdiction, and the defendant was not only served with process, but appeared to the action and defended the suit, and was a resident of Canada, where the judgment was recovered. He must, therefore, be held precluded from now questioning the validity of the judgment in this proceeding, and it, under nearly all of the adjudicated cases, was admissible as evidence of the indebtedness, and we think it was conclusive.

It then follows, from what has been said, that the court decided correctly in refusing to permit appellant to prove that appellee had no cause of action in the original suit, as we have seen that it would be error to re-examine the ground of the recovery.

Perceiving no error in the record, the judgment of the court below must be affirmed.

*Judgment affirmed.*