Brake *v.* Stewart.

No. 9685.

## BRAKE *v.* STEWART.

JUDGMENT.— *Appearance.— Warrant of Attorney.— Foreclosure.— Title Under Sheriff's Sale.*—A judgment of foreclosure rendered on personal appearance is sufficient in ejectment to sustain the title of a purchaser at sheriff's sale under the decree, though there may have been a warrant of attorney authorizing a decree by confession, which warrant is not put in evidence.

SAME.—*Jurisdiction.—Evidence.* —An entry at the end of a decree thus: "It is agreed by the parties that execution shall not issue herein," etc., shows a personal appearance which gives jurisdiction of the person.

EJECTMENT.—*Complaint.—Description.—Evidence.— Variance.*—Where lands were described in a complaint in ejectment as "lot No. 4, in block No. 3, in Burnham's subdivision of lot No. 7, as designated in the recorded plat thereof, in Vigo county, Indiana, *situated in the city of T.,*" and the evidence disclosed that the lot, otherwise properly described, was not in the city of T., no fatal variance is shown in the pleading and evidence.

From the Vigo Circuit Court.

*N. G. Buff* and *D. T. Morgan,* for appellant.

*W. Mack,* for appellee.

BICKNELL, C. C.—This was an action to recover the possession of lot number four, in block number three, in Burnham's subdivision of lot number seven, as designated in the recorded plat thereof, situated in the city of Terre Haute, Vigo county, Indiana. The appellant was the plaintiff. Upon the general denial pleaded there was a trial by a jury, with a verdict for the defendant. The plaintiff's motion for a new trial was overruled, judgment was rendered on the verdict, and the plaintiff appealed. The errors assigned are:

1. Overruling the motion for a new trial.

2. Giving to the jury instruction No. 1.

The plaintiff claimed as purchaser of the lot at a judicial sale. He offered in evidence:

1. A complaint in the suit of John J. Brake against Elisha Stewart and James H. Stewart, with a copy of the note sued on, and a copy of the mortgage sued on.

2. The judgment of the Vigo Circuit Court thereon against both defendants for the amount of the note, and for foreclosure against James H. Stewart, as to the lot in controversy.

3. The order of sale issued to the sheriff thereon.

4. The sheriff's return showing the sale of the lot to the plaintiff John J. Brake.

5. The sheriff's deed to the plaintiff as purchaser.

Upon this evidence instruction No. 1 was given to the jury, as follows:

" If the plaintiff, in order to sustain his claim of title under the sheriff's sale, has failed to introduce the complaint and power of attorney on which the decree of foreclosure and judgment was rendered, the sheriff's deed would not be sustained so as to make title in this·cause."

The appellant, in his brief, concedes that when the note and mortgage were executed, a power of attorney was executed, authorizing W. W. Rumsey to confess a judgment thereon, and that this power of attorney was not offered in evidence. Where a judgment is by confession under a power of attorney, and there is no . personal appearance by the defendant, a valid title in the purchaser at a sheriff's sale under the judgment is not shown without the production of the power of attorney, because, in such a case, without the power of attorney, jurisdiction of the court is not shown. *Glidewell* v. *Spaugh,* 26 Ind. 319. But in the present case the complaint shows that the court had jurisdiction of the subject-matter of the foreclosure suit, and the record shows that the judgment was in accordance with the relief demanded ; and the record contains also the following statement at the end of the judgment: "And it is agreed by the parties that execution shall not issue herein for six months unless ordered by said Elisha Stewart."

It appears by this statement that the parties were in court, recognizing the validity of the judgment by making an agreement for a stay of execution; this sufficiently shows juris-

diction of the court over the persons of the defendants; it. shows that they were present in court at the rendition of the judgment, and agreeing to its terms with a proviso for a stay of execution.   It was not necessary in this case to introduce the power of attorney, because jurisdiction sufficiently ap-peared without it.   The court erred in giving to the jury said instruction number one.

As to the motion for a new trial, the appellee claims that the verdict was right, and the evidence insufficient to sustain the complaint, because the lot is described in the complaint. as " situated in the city of Terre Haute," and the uncontra-dicted testimony was that it was outside of the city limits.

But there was no fatal variance here, the maxim is *falsa demonstratio non nocet.*  The substance of the description was, " Lot number four, in block number three, in Burnham's sub-division of lot No. 7, as designated in the recorded plat. thereof, in Vigo county, Indiana."   The erroneous addition, " situated in the city of Terre Haute," did not change the de-scription.   The rule is, that where " there is an adequate and sufficient definition, with convenient certainty, of what is in-tended to pass by a deed, any subsequent erroneous ad-dition will not vitiate it."   *Llewellyn* v. *Earl of Jersey,* 11 M. & W. 183;  *Thomas* v. *Thomas,* 6 T. R. 671;  Bacon Max. Reg. 24.   In this respect the verdict was contrary to the evi-dence.   The court erred in overruling the motion for a new trial.   The judgment ought to be reversed for the aforesaid errors.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things reversed, at the costs of the appellee, and this cause is remanded for a new trial.