McMULLEN et al. v. RICHIE.

(Circuit Court, N. D. Ohio, E. D.   February 17, 1890 )

FOREIGN JUDGMENTS—CONCLUSIVENESS.
  The judgment of a court of competent jurisdiction of a foreign country, in a suit between the same parties and in which defendant appeared by counsel, will be *held* conclusive, in the absence of fraud; and it is immaterial that the judgment was rendered in defendant's absence, and without his knowledge, he not denying the authority of the attorney to enter his appearance.

At Law.   On demurrer.
*S. E. Williamson*, for plaintiffs.
*Stevenson Burke* and *J. E. Ingersoll*, for defendant.
Before JACKSON and RICKS, JJ.

RICKS, J.   The plaintiffs instituted this suit to recover from the defendant the sum of $238,000, with interest, which he alleges the defendant is legally obligated to pay because of a judgment for that sum rendered in plaintiff's favor in the queen's bench division of the high court of justice for Ontario.   The amended petition sets forth the provisions of the original contract upon which the judgment was based, and avers that said action was brought upon said agreement; that plaintiffs prayed that said agreement might be specifically performed, or that they might have damages for the breach thereof; that a proper answer was filed by defendant setting forth fully his defense to said suit; and that upon a trial judgment was rendered in favor of plaintiffs for said sum.   The defendant in his answer avers that the contract sued upon in Canada was an accommodation contract, with the full understanding that the same was never to be performed, and that, if the defendant was compelled to pay said judgment, he would be compelled to pay the same without any consideration, and seeks to have the issues set forth in his answer in the Canada case presented and tried in this suit.   The answer does not deny the authority of the attorney to enter his appearance in the Canada suit, nor does he deny that he filed an answer in said case setting up the same defense now sought to be made in this court.   Having by his appearance and answer submitted to the jurisdiction of the Canada court, and having presented matters of defense which that court must have passed upon in rendering the judgment set forth in the amended petition, the question now to be determined is, can he be permitted in this court to retry the same matters of defense presented in the Canada suit?   It is not material that the judgment in said case was rendered in defendant's absence, and without his knowledge, as he avers in his answer here, because that court had full jurisdiction of the subject-matter, and of the defendant, through his entry of appearance by his counsel.   Every intendment, therefore, is in favor of the regularity of its proceedings and of the validity of its judgment, as it is not now attempted to impeach it for fraud.   The case, therefore, fairly presents for consideration the force and effect to be given by this court to a judgment rendered by a foreign

court in a suit between the same parties; the jurisdiction of the subject-matter and of the person having been properly acquired, and the proceedings being unassailed for fraud.

Counsel for defendant have cited the cases of *Burnham* v. *Webster*, 1 Woodb. & M. 172; *Buttrick* v. *Allen*, 8 Mass. 273; *Bank* v. *Harding*, 67 E. C. L. 686; *Lyman* v. *Brown*, 2 Curt. 559; *Wood* v. *Gamble*, 11 Cush. 8; and *Schaler* v. *Israel*, 120 U. S. 506, 7 Sup. Ct. Rep. 648. In the first case cited the doctrine is recognized that the foreign judgment is only *prima facie* evidence as between the parties to it; and Mr. Justice WOODBURY, in that case, granted a new trial because the trial judge had refused to allow testimony to go to the jury impeaching the judgment for mistake and irregularity, although the foreign court in which it was rendered had full jurisdiction of the subject-matter and parties. The learned judge in that case said:

"I would allow the opposing party, where a foreign judgment is sued, pleaded, or offered in evidence, to rebut its *prima facie* force and obligation by showing that the merits of the claim, now in controversy, were not, in truth, at all there considered and adjudged; and I would do that, whether it occurred by accident or mistake, or any agreement of the parties, or any other excusable cause, as well as when it arose from the want of personal service."

Other courts, in cases arising about that same period,—nearly half a century ago,—held the same doctrine. But later decisions, in cases more carefully considered and better reasoned, give greater force and dignity to the records of foreign courts, not only as a matter of comity, but for the better reason that when parties have once had their day in a court of competent jurisdiction, after due service of process or after entry of appearance, and have had a full and impartial hearing upon the merits of their case as made in the pleadings, they should be bound by the judgment of that tribunal, unless they can show its proceedings were tainted with fraud. Counsel for plaintiff has cited the following authorities, which fully sustain the doctrine just stated: *Bank* v. *Nias*, 71 E. C. L. 717; *Godard* v. *Gray*, L. R. 6 Q. B. 139; *Scott* v. *Pilkington*, 2 Best & S. 11; *Lazier* v. *Westcott*, 26 N. Y. 146; *Baker* v. *Palmer*, 83 Ill. 568.

In the case of *Godard* v. *Gray*, decided in 1870 in the court of queen's bench, the prior decisions in England are reviewed, and the learned judge concluded that the law was then well settled in the English courts that the judgment of a foreign tribunal, having jurisdiction over the party and the cause, cannot be impeached on the ground that it was erroneous on the merits, or that to an action on such judgment the judgment debtor could not defend that the tribunal mistook either the law or the facts The court of appeals of the state of New York, in the case above noted, after a thorough review of the decisions of the courts in England and America, approves the reasoning of Chancellor KENT and Justice STORY, and says that the same principles and decisions made as to judgments from the courts of other states of the Union should be applied to foreign judgments. The court, after quoting freely from Justice STORY in favor of the absolute conclusiveness of the foreign judgments, except in cases in which the court which pronounced the judgment had

not due jurisdiction of the case and of the defendant, or the proceeding was in fraud or founded in palpable mistake or irregularity, or bad by the law of *rei judicatæ*, approves his views as eminently correct, and most in harmony with sound principles and the best-considered cases. The court in the same opinion quotes from Justice STORY, and says:

"Holding that the judgment was only to be regarded as *prima facie* evidence for the plaintiff, he correctly says, would be a mere delusion, if the defendant might still question it by opening all or any of the original merits on his side; for under such circumstances it would be equivalent to granting a new trial."

If the action of the court of original jurisdiction, having the parties and the subject-matter properly before it, is to be reviewed, and its judgment to be treated as only *prima facie* evidence for the judgment creditor, in what class of cases is the court of second or third resort to go behind the original judgment, and retry the case on its merits? Is it to do so where, in its opinion, the court of original jurisdiction was not one of equal learning or of equal rank, or where the judgment debtor, through want of diligence, or because of the lack of zeal or ability of his counsel, did not secure as full and intelligent an examination of his defense as he should have had? If the original judgment is to be reviewed for any reasons other than for fraud or want of jurisdiction, where is the boundary line of the reviewing court to be fixed? Mr. Justice WOODBURY, in his opinion in the case cited by defendant's counsel, opens the door as wide as possible, and authorizes the court to explore the whole field covered by the issues made in the original suit, and to review its proceedings upon all or any one of the issues there made and not fully considered, whether by accident or mistake, or for any excusable cause. I cannot approve such doctrine. It would destroy the force and effect of judicial proceedings, and make the judgments of a foreign tribunal, no matter how high its rank or how binding its decisions within its own jurisdiction, of little greater effect than the original contract or promise sued upon. I think the doctrine, as maintained by the later English and American cases, to which reference has been made, has advanced the courts one stage in the progress of simplifying the administration of justice. It is important that there should be a limitation to litigation, and that parties, as to matters upon which they had a full hearing in the court of original and competent jurisdiction, should not be permitted to open and retry issues once fairly determined, whenever and wherever they have an opportunity to do so, by defending against judgments rendered in a foreign country to which they were properly made parties. I am therefore of the opinion that the judgment set out in the amended petition in this case has the same force and effect as a judgment of a court of competent jurisdiction in one of the states of this Union, and is conclusive against the defendant of the matters therein adjudged. The demurrer to the answer will therefore be allowed.

JACKSON, J., concurs.