CALEB HARRINGTON *vs.* THOMAS HARRINGTON.

Worcester.     October 1, 1891. — October 24, 1891.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Decree in another State — Bar to Action — Evidence.*

A resident of California sought to compel a resident of this Commonwealth, by a suit in equity in Rhode Island, to convey a trust estate there situate to the plaintiff, and to pay over to him the rents and profits thereof; and the defendant appeared and was ordered, by a final decree therein, to make the conveyance, which he did, and to pay over the rents and profits, which he failed to do. The plaintiff afterwards brought an action here against the defendant for money had and received, to recover such rents and profits, and before trial thereof also brought here another action against him on the decree to recover the same, evidence of the pendency of which was admitted, against the plaintiff's objection, at the trial of the former action. *Held*, that the decree of the Rhode Island court was a bar to the action for money had and received. *Held*, *also*, that the plaintiff was not prejudiced by the admission of the evidence relating to the action on the decree, even if it was improperly admitted.

CONTRACT, for money had and received, to recover the rents and profits of real estate situated in Rhode Island, and held in

trust by the defendant for the plaintiff. Writ dated March 22,
1886. Trial in the Superior Court, at the December sitting of
1890, before *Staples*, J., who reported the case for the determination of this court, in substance as follows.

The defendant offered evidence, which was not controverted,
that the plaintiff brought a bill in equity, in the Supreme Court
of Rhode Island, against this defendant, on December 9, 1884,
alleging that the defendant had, since 1852, held the legal title
to certain real estate in Providence, in trust for the plaintiff
during the plaintiff's absence in California, and had meanwhile
received the rents and profits of the same, and praying that the
estate might be decreed to belong to the plaintiff, and that the
defendant be ordered to convey the estate to the plaintiff and to
account to him for the rents and profits, and pay over the same;
that the defendant appeared in that suit, and filed an answer
therein; that, after due proceedings had, that court entered a
final decree, on August 17, 1889, in which said real estate was
decreed to be the property of the plaintiff, and the defendant
was ordered to pay to the plaintiff, within sixty days, the sum of
$6,820.69 and costs, which amount included the rents and profits
up to the time of the decree; that no part of this sum had been
paid, and no security therefor had been given; and that the defendant had no property in Rhode Island, and that he had never
been a resident of that State.

It was admitted that the rents and profits sought to be recovered in this action were of the estate referred to in the suit
in equity, and the same rents and profits which were the subject of that suit; and that the decree in that suit was for the
balance of all the rents and profits which were chargeable to the
defendant, during all the time covered by this suit, after deducting all credits which the defendant was able to prove in the
suit in equity.

Evidence was admitted, against the plaintiff's objection, that
another action between the parties was pending at the time of
the trial in the Superior Court, upon the Rhode Island decree,
for the payment of said sum found therein to be due the plaintiff, which action was begun in November, 1889.

The judge ruled that the decree in equity was a judgment
which constituted a defence to this suit, and directed a nonsuit.

If the rulings were correct, judgment was to be entered on the nonsuit; otherwise, a new trial was to be granted.

*F. A. Gaskill*, for the plaintiff.

*F. P. Goulding & F. L. Dean*, for the defendant.

MORTON, J.   The report states that "the rents and profits sought to be recovered in this suit" are "the same rents and profits which were the subject of said suit in equity" in Rhode Island, and that the judgment or decree in that suit was for "the balance of all the rents and profits which were chargeable to the defendant during all the time covered by this suit, after deducting all credits which the defendant was able to prove in said suit in equity." It is evident that the same matter which is the subject of this suit was included in the suit in equity in Rhode Island, and has been heard and passed upon there.   The plaintiff, though not a resident, saw fit to bring his action in that State.   The defendant, who also was not a resident there, appeared and filed an answer.   After due proceedings and hearings, a decree was finally entered in favor of the plaintiff, for the amount due him in respect of the same rents and profits which he seeks to recover in this suit.   It is not contended that the Rhode Island court had not jurisdiction, or that its judgment has been reversed or annulled or attacked by any proceedings in that State.   Whether, therefore, the court in that State was "a court of law or equity, of admiralty or of probate," the matter in controversy and the parties being the same in this suit as in that, the judgment of that court is conclusive, and is a bar to the present action.   *Bigelow* v. *Winsor*, 1 Gray, 299, 302.   *Homer* v. *Fish*, 1 Pick. 435.   *M'Rae* v. *Mattoon*, 13 Pick. 53.   *Greene* v. *Greene*, 2 Gray, 361, 365.   *Sparhawk* v. *Wills*, 5 Gray, 423.   *Durant* v. *Essex Co.* 8 Allen, 103.   *Mills* v. *Duryee*, 7 Cranch, 481.

In this view of the case, the testimony which was admitted, against the plaintiff's objection, of the pendency of an action here upon the decree, could not have operated to the plaintiff's prejudice, even if it should not have been admitted.   According to the terms of the report, the entry must be,

*Judgment on the nonsuit.*