MARY McMAHON *vs.* EAGLE LIFE ASSOCIATION.

SAME *vs.* RED MEN'S FRATERNAL ACCIDENT ASSOCIATION OF AMERICA.

Hampden.    September 28, 1897. — November 24, 1897.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Beneficiary Association — Foreign Judgment — Conclusiveness in Action here.*

The determination, by a court of general jurisdiction of another State, of the meaning of a contract and of the proper form of remedy, is conclusive upon this court in an action here upon the judgment.

TWO ACTIONS OF CONTRACT, upon judgments rendered by
the District Court of the Third Judicial District of Nebraska, in
actions on certificates of membership issued by the defendants
respectively to John C. McMahon, and payable in case of death
to the plaintiff. The cases were tried together in the Superior
Court, without a jury, before *Gaskill*, J., who found for the
plaintiff in each case; and the defendants alleged exceptions.
The facts appear in the opinion.

*H. W. Ely*, for the defendants.

*D. Malone*, for the plaintiff.

ALLEN, J. These are actions upon judgments rendered by
the District Court of the Third Judicial District of Nebraska.
The defendants appeared by counsel in that court, and filed
their answers, and the cases were tried. Without denying the
general jurisdiction of the court over the subject and over them-
selves, they contended that the amounts to be paid to the bene-
ficiary under their respective certificates should not exceed in
any case the amount realized by them from one assessment made
upon all the members assessable at the death of the person
insured; but it was determined otherwise. The defendants also
moved to set aside the verdicts, on the ground that they were
for too large sums; but the motions were overruled. The de-
fendants do not now deny that the court was a court of record,
with general jurisdiction; but while conceding that they were
properly before the court, and that the court had general juris-
diction over the kind of subject involved in the litigation, they
contend that, under their certificates or policies which were
sued on, they were not liable to actions at law to recover fixed
sums as damages, but only to a process to compel them to levy
assessments, and that such a process would not be within the
jurisdiction of the courts of Nebraska, the defendants not being
incorporated in that State. This question involved the con-
struction of the contracts upon which the defendants were sued,
and the decisions against them were decisions upon the merits.
We cannot now revise those decisions. In the absence of evi-
dence to the contrary, there is a presumption that the court,
being a court of general jurisdiction, had the jurisdiction which
it assumed to exercise in these cases, which were actions at law to
enforce contracts. *Buffum* v. *Stimpson*, 5 Allen, 591. *Knapp* v.

*Abell,* 10 Allen, 485.    *Folger* v. *Columbian Ins. Co.* 99 Mass. 267, 273.    *American Tube & Iron Works* v. *Crafts,* 156 Mass. 257. *Kelley* v. *Kelley,* 161 Mass. 111.    Freeman on Judgments, § 565. The jurisdiction to construe and enforce contracts is within the ordinary powers of a court of general jurisdiction; and the determination of the meaning of the contracts of the defendants, and of the proper form of remedy, is conclusive upon us, so far as the present actions are concerned.

*Exceptions overruled.*