American Mut. Life Ins. Co. v. Mason.

# THE AMERICAN MUTUAL LIFE INSURANCE COMPANY v. MASON.

[No. 19,851.   Filed June 5, 1902.]

JUDGMENTS.—*Foreign Judgment.*—*Collateral Attack.*—Judgments of the courts of any state having jurisdiction over the subject-matter and of the parties are conclusive on the merits in the other states of the Union until reversed on appeal, or set aside and vacated in a proper proceeding by the court which rendered the judgment, and are not, therefore, open to collateral attack.   *p. 16.*

SAME.—*Action Upon Foreign Judgment.*—*Evidence.*—*Transcript.*—A transcript which shows that a special appearance was first entered and a motion made "to quash the service and dismiss the action," which was overruled and exceptions taken, that an answer was then filed, the cause tried upon its merits, and a final judgment entered, sufficiently shows that a judge was present at the trial.   *pp. 18, 19.*

SAME.—*Foreign Judgment.*—*Transcript.*—*Presumption.*—Where from the transcript of a foreign judgment, it appears that the court where the judgment was rendered had a judge, clerk, and seal, the presumption is that the court was one of general jurisdiction, and that it had jurisdiction of the subject-matter of the action and the parties thereto.   *p. 19.*

APPEARANCE.—*Special Appearance.*—*Waiver.*—By the filing of an answer to the merits, a defendant waives all objections to the jurisdiction of his person, but not the right to question the ruling on appeal.   *pp. 19-21.*

From Elkhart Circuit Court; *J. D. Ferrall*, Judge.

Action by William H. Mason against the American Mutual Life Insurance Company. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901.   *Affirmed.*

*J. M. VanFleet* and *V. W. VanFleet*, for appellant.
*H. C. Dodge*, for appellee.

MONKS, J.—This was an action brought by appellee upon a judgment recovered by him against appellant, a corporation organized under the laws of this State, in the common pleas court of Ashland county, Ohio. A trial of said cause by the court resulted in a finding, and, over a

motion for a new trial, a judgment in favor of appellee. The only error assigned is that the court erred in overruling appellant's motion for a new trial. The causes assigned for a new trial were: "(1) The decision of the court is not sustained by sufficient evidence. (2) The decision is contrary to law. (3) The court erred in admitting in evidence the transcript of the judgment sued upon."

Counsel for appellant insist that the transcript of the Ohio judgment, which was the only evidence given in the cause, "showed upon its face want of jurisdiction over appellant for two reasons: (1) It showed that no judge was present; and (2) that the proceedings were had upon constructive service alone."

The transcript read in evidence purports to be a copy of the proceedings of the common pleas court of Ashland county, Ohio, in the case of appellee against appellant, an Indiana corporation, wherein a judgment was rendered by that court against appellant for the sum of $230.33 and costs.

Section 1, article 4, of the Constitution of the United States requires that full faith and credit shall be given in each state to the judicial proceedings of every other state, and authorizes congress to prescribe, by general laws, the manner in which proceedings shall be proved, and the effect thereof. This, congress has done. R. S. U. S. 1878, p. 171; §458 Burns 1901, §454 R. S. 1881 and Horner 1901.

It is settled that the judgments of the courts of any state having jurisdiction over the subject-matter and of the parties are conclusive on the merits in the other states of the Union until reversed on appeal, or set aside and vacated in a proper proceeding by the court which rendered the judgment, and are not, therefore, open to collateral attack. *Mills* v. *Duryee*, 7 Cranch (U. S.) 481, 3 L. Ed. 411. (For note to this case, see 1 Rose's Notes on U. S. Reports, 559-568.) *Cole* v. *Cunningham*, 133 U. S. 107, 111, 10

Sup. Ct. 269, 33 L. Ed. 538; *Hanley* v. *Donoghue,* 116 U. S. 1, 4, 6 Sup. Ct. 242, 29 L. Ed. 535; *Christmas* v. *Russell,* 5 Wall. 290, 302, 18 L. Ed. 475, and cases cited; *Kingman* v. *Paulson,* 126 Ind. 507, 22 Am. St. 611; *Westcott* v. *Brown,* 13 Ind. 83; *Mutual, etc., Ins. Co.* v. *Phenix, etc., Co.,* 108 Mich. 170, 172, 66 N. W. 1095, 34 L. R. A. 694, 62 Am. St. 693, 694 and note p. 697; *Memphis, etc., R. Co.* v. *Grayson,* 88 Ala. 572, 7 South. 122, 16 Am. St. 69 and note; *Semple* v. *Glenn,* 91 Ala. 245, 6 South. 46, 24 Am. St. 894, 897; *Peet* v. *Hatcher,* 112 Ala. 514, 527-530, 21 South. 711, 57 Am. St. 45, 54-56; *Parker* v. *Stoughton Mill Co.,* 91 Wis. 174, 179-182, 64 N. W. 751, 51 Am. St. 881, 883-885; *Ambler* v. *Whipple,* 139 Ill. 311, 28 N. E. 841, 32 Am. St. 202, 211, 212 and note; *Fireman's Ins. Co.* v. *Thompson,* 155 Ill. 204, 40 N. E. 488, 46 Am. St. 335, 338, 339; *Crumlish* v. *Central Imp. Co.,* 38 W. Va. 390, 398, 18 S. E. 456, 23 L. R. A. 120, 45 Am. St. 872, 877, 878; *Barnes* v. *Gibbs,* 31 N. J. L. 317, 86 Am. Dec. 210 and note; *Dudley* v. *Lindsey,* 9 B. Mon. (Ky.) 486, 50 Am. Dec. 522, 524; *Cook* v. *Thornhill,* 13 Tex. 293, 65 Am. Dec. 63; *Bank* v. *Wheeler,* 28 Conn. 433, 73 Am. Dec. 683; *Fisher* v. *Fielding,* 67 Conn. 91, 34 Atl. 714, 32 L. R. A. 236, 52 Am. St. 270; *Weeks* v. *Harriman,* 65 N. H. 91, 18 Atl. 87, 4 L. R. A. 744, 23 Am. St. 21 and note; *Hallum* v. *Dickinson,* 54 Ark. 311, 313-315, 15 S. W. 775; *Thomas* v. *Morrisett,* 76 Ga. 384, 387-391; *Harrington* v. *Harrington,* 154 Mass. 517, 28 N. E. 903; *McMahon* v. *Eagle Life Assn.,* 169 Mass. 539, 48 N. E. 339, 61 Am. St. 306; *Van Norman* v. *Gordon,* 172 Mass. 576, 53 N. E. 267, 44 L. R. A. 840, 70 Am. St. 304; *Kinnier* v. *Kinnier,* 45 N. Y. 535, 6 Am. Rep. 132; *Tell* v. *Yost,* 128 N. Y. 387, 28 N. E. 353, 13 L. R. A. 796; *Kitchen* v. *Bellefontaine Nat. Bank,* 53 Kan. 242, 36 Pac. 344, 42 Am. St. 282; *Rankin* v. *Goddard,* 54 Me.

28, 89 Am. Dec. 718; *Rankin* v. *Goddard,* 55 Me. 389; Note to *Kelly* v. *Kelly,* 42 Am. St. 389, 398; VanFleet,, Collat. Attack, §§845-847; 2 Black, Judg., §§856, 857, 859, 883; Freeman, Judg. (4th ed.), §§559, 560.

The same rule has been declared by a number of courts in regard to the judgments of courts of foreign nations. VanFleet, Collat. Attack, §850; *Baker* v. *Palmer,* 83 Ill. 568, 572; *Lazier* v. *Westcott,* 26 N. Y. 146, 82 Am. Dec. 404; *Dunstan* v. *Higgins,* 138 N. Y. 70, 74, 33 N. E. 729, 20 L. R. A. 668 and note, 34 Am. St. 431; *McMullen* v. *Richie,* 41 Fed. 502, 8 L. R. A. 268; *Hilton* v. *Guyott,* 42 Fed. 249; *Hilton* v. *Guyot,* 159 U. S. 113, 16 Sup. Ct. 139, 40 L. Ed. 95.

It has been held that such judgments of the courts of any state are entitled to the same faith, credit, and effect in every other court in the United States which they have in the state where rendered, and whatever pleas would be good to a suit thereon in such state, and none other, can be pleaded in any other court in the United States. *Mills* v. *Duryee,* 7 Cranch (U. S.) 481, and cases cited, *supra; Hampton* v. *McConnell,* 3 Wheat. (U. S.) 234, 4 L. Ed. 378; 2 Freeman, Judg. (4th ed.), §§560, 561.

While the proceedings of said court copied into the transcript do not give the name of the judge who presided in said cause, such transcript does show that appellant by counsel first entered a special appearance, and moved the court "to quash the service and dismiss the action;" that this motion was overruled, to which ruling appellant excepted; that afterwards appellant filed an answer to the complaint, and the cause was tried upon the merits, and a verdict returned in favor of appellee, after which appellant filed a motion for a new trial, which was overruled, and final judgment was rendered against appellant by the court. Instead of said transcript showing that no judge was present, as contended by appellant, it clearly appears therefrom that a judge presided at the trial, made rulings,

American Mut. Life Ins. Co. *v.* Mason.

and allowed exceptions thereto, and rendered final judgment on the verdict, and that said court had a clerk, seal, and sheriff.

The judicial proceedings in which the judgment sued upon was rendered by said court were authenticated by the certificate of the clerk of said court, with the seal thereof annexed, and by the certificate of the judge of said court in all respects as required by the act of congress. §458 Burns 1901, §454 R. S. 1881 and Horner 1901.

As it clearly appears that said court had a judge, clerk, and seal, the presumption is that the same was a court of general jurisdiction, and that it had jurisdiction of the subject-matter of the action and of the parties thereto, and that the proceedings were regular and according to the laws of Ohio, at least until want of jurisdiction is shown. *Bailey* v. *Martin,* 119 Ind. 103, 108, 109; *McMillan* v. *Lovejoy,* 115 Ill. 498, 500, 501, 4 N. E. 772; *Van Norman* v. *Gordon,* 172 Mass. 576, 579, 53 N. E. 267, 44 L. R. A. 840, 70 Am. St. 304 and cases cited; *Richards* v. *Barlow,* 140 Mass. 218, 6 N. E. 68; *McMahon* v. *Eagle Life Assn.,* 169 Mass. 539, 48 N. E. 339, 61 Am. St. 306; Note to *Kelly* v. *Kelly,* 42 Am. St. 398; VanFleet, Collat. Attack, §§845, 846, 847; 2 Freeman, Judg. (4th ed.), §565.

Neither does the record of the Ohio judgment show that the same was rendered upon constructive service alone. It is well settled that a defendant, whether a resident or non-resident, by a general appearance to an action waives all objections based on the want of the issuance of process or the service or the return thereof, or defect of whatever nature therein, and thereby gives the court full and complete jurisdiction over his person. 3 Ency. Law & Proc., 514-523; 2 Ency. Pl. & Pr., 639-651; *Louisville, etc., R. Co.* v. *Stover,* 57 Ind. 559; *Louisville, etc., R. Co.* v. *Nicholson,* 60 Ind. 158; *Wabash, etc., R. Co.* v. *Lash,* 103 Ind. 80, 85; *Aurora Fire Ins. Co.* v. *Johnson,* 46 Ind. 315, 321, and cases cited; *Nesbit* v. *Long,* 37 Ind. 300;

*Day* v. *Henry,* 104 Ind. 324, 325; *Hammond* v. *Hammond,* 21 Ohio St. 620; *Cleveland, etc., R. Co.* v. *Mara,* 26 Ohio St. 185; *Mason* v. *Alexander,* 44 Ohio St. 318, 7 N. E. 435; *Handy* v. *Insurance Co.,* 37 Ohio St. 366; *Myers* v. *Smith,* 29 Ohio St. 120.

. A defendant who files an answer to the merits, or in any manner attacks plaintiff's case, thereby makes a general appearance, and gives the court full jurisdition over the person' of such defendant. 3 Ency. Law & Proc., 505-509; 2 Ency. Pl. & Pr., 632-639; *First Nat. Bank* v. *United States, etc., Co.,* 105 Ind. 227, 236, 241; *Pressley* v. *Lamb,* 105 Ind. 171, 187, 188; *Brake* v. *Stewart,* 88 Ind. 422; *McCarthy* v. *McCarthy,* 66 Ind. 128, 132; *Long* v. *Newhouse,* 57 Ohio St. 348, 370, 49 N. E. 79, and cases cited; *Southern Ohio R. Co.* v. *Morey,* 47 Ohio St. 207, 210, 24 N. E. 269, 7 L. R. A. 710; *Mason* v. *Alexander,* 44 Ohio St. 318, 327-331, 7 N. E. 435; *Smith* v. *Hoover,* 39 Ohio St. 249; *Handy* v. *Insurance Co.,* 37 Ohio St. 366; *Maholm* v. *Marshall,* 29 Ohio St. 611; *Brundage* v. *Biggs,* 25 Ohio St. 652; *Schaefer* v. *Waldo,* 7 Ohio St. 238; *Evans* v. *Iles,* 7 Ohio St. 233.

Appellant by filing its answer to the complaint, although after the motion "to quash service and dismiss the action" was overruled, entered a full appearance to the action, and gave the Ohio court full jurisdiction over it, at least from that time, and said judgment is binding upon appellant until reversed on appeal or set aside and vacated by a proper proceeding in the court which rendered the judgment. *Kingman* v. *Paulson,* 126 Ind. 507, 509, 510, 22 Am. St. 611.

It is true that appellant did not, by filing its answer to the complaint, and thus entering a full appearance to the action, and giving the court full jurisdiction over it, after the court had ruled on the motion as to jurisdiction, and exceptions had been saved as to such ruling, waive the right, if the cause was appealable, on appeal, to present for review

the ruling of the court on the motion as to jurisdiction, and secure a reversal if the same was erroneous. 2 Ency. Pl. & Pr., 629, 630; 3 Ency. Law & Proc., 525, 526; Elliotts' App. Proc., §§677, 678; *Perkins* v. *Hayward,* 132 Ind. 95, 100, 101; *Chandler* v. *Citizens Nat. Bank,* 149 Ind. 601, 603.

Said judgment having been rendered against appellant after a full appearance by it, and trial upon the merits, thus giving full jurisdiction over its person, it is clear from the authorities cited in this opinion that the action of the Ohio court in overruling the motion "to quash service and dismiss the action," even if erroneous, can not be reviewed or called in question in this action. *Laing* v. *Rigney,* 160 U. S. 531, 16 Sup. Ct. 366, 40 L. Ed. 525, and cases cited; *Kingman* v. *Paulson,* 126 Ind. 507, 509, 510; *Westcott* v. *Brown,* 13 Ind. 83, 85, 86.

It is not necessary, therefore, to determine whether or not appellant, by the use of the words "and dismiss the action" in said motion, entered a general appearance to the action.

Judgment affirmed.