DIAMOND PLATE GLASS CO. v. MINNEAPOLIS MUT. FIRE INS. CO.

(Circuit Court, D. Indiana. June 29, 1892.)

FOREIGN INSURANCE COMPANY—SERVICE OF SUMMONS.

    The summons in an action against a foreign insurance company upon a liability incurred by doing business in the state of Indiana may be served upon the auditor of state, if there is no agent in the county where the suit is brought, though the company has never been licensed to do business in the state, and has never filed with the auditor of state a written consent to such service of summons. Elliott's Supp. §§ 993, 994. Ehrman v. Insurance Co., 1 Fed. Rep. 471, followed.

Statement by WOODS, Circuit Judge:

The plaintiff brought this action against the defendant upon a policy of insurance to recover a loss by fire. The defendant filed a plea to the jurisdiction of the court. Upon a trial of the issue joined upon the plea, it appeared from the evidence that the plaintiff is an Indiana manufacturing company, owning a plate-glass factory at the city of Kokomo; that the defendant is a Minnesota insurance company doing business in the state of Indiana, but that it has never been licensed to do business in the state, and has never filed with the auditor of state a written consent to the service of process upon him in actions against the company. The company never had an agent residing in the state; but it did business in the state through traveling solicitors residing in Chicago, at which city its policies were issued. The summons in the case was served upon the auditor of state under "An act concerning foreign insurance companies," approved March 5, 1883. The first and the second sections of this act (Elliott's Supp. §§ 993, 994) are as follows:

"993. Service of process. Section 1. Be it enacted by the general assembly of the state of Indiana, that it shall not be lawful for any insurance company chartered, organized, or incorporated in any other state or nation to do business in the state of Indiana until such company shall file with the auditor of state a certified copy of a vote or resolution of the board of directors of such company, consenting that service of process in any suit against such company may be served upon any authorized agent of such company in the state of Indiana, with like effect as if such company was chartered, organized, or incorporated in the state of Indiana, and agreeing that any process served upon such agent shall be of the same legal force and validity as if served upon said company, and agreeing that such service may be so made, with such effect, while any liability remains outstanding against such company in this state, and agreeing further that, if, at any time, there should be no authorized agent of such company in the county where any suit shall be brought, service may thereafter be made upon the auditor of the state of Indiana, with such effect as if made upon an authorized agent of such company.

"994. Service by duplicate. Sec. 2. Service of process in any action against any insurance company not having an agent in that county, where any suit shall be brought, shall be made upon the auditor of state by duplicate copy, and such service shall be deemed, in all respects, the same as if such company was chartered, organized, or incorporated in the state of Indiana: provided, however, that a writ against the auditor of state, in such case, shall not be returnable until thirty days after service. It shall be the duty of the auditor of state, upon such service, to promptly send one copy of such summons, by registered letter, to the president of such company, at the home office of the company, or if such company shall be chartered, organized, or incorporated in a foreign country, and shall have a principal office in the United States, the auditor shall send such copy to such principal office in the United States. The auditor shall file the other copy of summons in his office."

Blacklidge, Shirley & Moon, Bell & Purdum, and Duncan & Smith, for plaintiff.

M. H. Beach, Keith, Evans, Thompson & Fairchild, and Elliot & Overton, for defendant.

Before WOODS, Circuit Judge, and BAKER, District Judge.

WOODS, Circuit Judge, (after stating the facts as above orally.) The facts in this case are essentially the same as in the case of Ehrman v. Insurance Co., 1 Fed. Rep. 471, and the statute of Indiana, under which the summons against the defendant was served upon the auditor of state, is similar to the statute of Arkansas construed in that case. We quote from the decision, (page 476:)

"The citizen insuring his property in this state is not required to search the files of the auditor's office for the purpose of ascertaining whether the company has filed the required stipulation, and otherwise complied with the statute. The receipt of the premium, and the execution and delivery of the policy, by the company, are equivalent to an assertion by the company that it has complied with the requirements of the statute to entitle it to do business in the state; and, as between the assured and the company, the latter is estopped, upon the soundest principles of law and morals, to say that it has not done so."

In the more recent case of Berry v. Indemnity Co., 46 Fed. Rep. 439, the principle which governs the question is thus stated:

"The laws referred to were enacted for the benefit of the state, and the protection of policy holders. By failing to comply with them, the defendant and its agents incurred the prescribed penalties; but such failure does not

affect the validity of its policies, or in any manner operate to the prejudice of policy holders. By the fact of doing business in the state, it asserts a compliance with the laws of the state, and after enjoying all the benefits of that business, and receiving the money of the assured, it will not be heard to say that it never submitted 'to the jurisdiction of the state.' It can reap no advantage from its own wrong."

That the stipulation was not in fact filed with the auditor is therefore of no consequence, if the company has done those things which imposed upon it the obligation and duty to file it. The law deduces the agreement on the part of the company to answer in the courts of the state, on service made upon the auditor, from the fact of its doing business in the state; and the presumption, from that fact, of assent to service in the mode prescribed by the statute, is conclusive. No averment or evidence to the effect that it had not intended to come under the law of the state is admissible to defeat the jurisdiction. The reason of this rule is that the obligation to file the stipulation is imposed for the protection of the citizen dealing with the company; and when, by its own act, its obligation to file the stipulation is perfect, as between the company and the citizen, it will not be permitted to relieve itself from a liability which the written stipulation would have imposed, by pleading its own failure, whether negligent or willful, to comply with the statute. In such cases the law conclusively presumes that to have been done which ought to have been done. The maxim that no man shall take advantage of his own wrong is as applicable to corporations as to natural persons, and to agreements of the kind under consideration as to any other. The defendant must answer to the merits of the action.