THE MAINE GUARANTEE COMPANY *v.* COX ET AL.

[No. 17,578.   Filed Feb. 13, 1896.   Rehearing denied Oct. 15, 1896.]

146  107
153  203
146  107
164  327

BUILDING AND LOAN ASSOCIATIONS.—*Foreign Association Doing Business in this State Without Complying with the Prescribed Law.—Statute Construed.*—Under section 4464, *et seq.*, Burns' R. S. 1894, authorizing foreign building and loan associations to do business in this State, unless there has been a compliance with such law, a foreign building and loan association cannot do a building

The Maine Guarantee Co. *v.* Cox *et al.*

and loan business in this State, such as the collection of dues, fines, premiums or other charges, but may, by virtue of the comity between the states, do business of a general character, such as loan money, take mortgage security therefor, and have judgment of foreclosure in case the debt thereby created is not paid unless a plea of abatement is interposed.

From the Madison Circuit Court. *Affirmed.*

*Fishback & Kappes, E. E. Hendee,* and *F. B. Leland,* for appellant.

*Henry, McMahan & Van Osdal,* for appellees.

HOWARD, J.—The appellant, a foreign corporation, brought suit to collect a debt due from the appellee, Cox, and to foreclose a mortgage given to secure the same.

The court made special findings and conclusions of law in favor of the appellant, and rendered judgment for the full amount due, with foreclosure of the mortgage.

It appears from the special findings, and from the evidence, that the bond and mortgage sued on had been assigned to appellant by The People's Building, Loan and Savings Association, also a foreign corporation, having its place of business at Geneva, in the State of New York.

The court failed to find that either the appellant or its assignor had complied with the laws in force at the date of the contract sued on, authorizing foreign corporations to do business in this State; sections 3453, etc., Burns' R. S. 1894 (3022, etc., R. S. 1881); but did find that neither of said corporations had complied with the law now in force for the government of foreign building and loan associations (sections 4464, etc., Burns' R. S. 1894; Acts 1893, p. 274), and also found that neither of them has any organization in this State to do or transact business of any kind.

The court allowed appellant's claim for money lent

on the mortgage and for tax liens paid, with interest to date of judgment; but refused to allow anything for amounts claimed by appellant by reason of bonus, premium, dues and other charges made by said building and loan association, under its rules and by-laws.

There is no doubt as to the power of the legislature to prescribe the conditions upon which a corporation, organized under and by virtue of laws of another state may do business in this State. *The Farmers', etc., Ins. Co.* v. *Harrah,* 47 Ind. 236; *Hockett* v. *State,* 105 Ind. 250; *State* v. *Phipps,* 50 Kan. 609, 18 L. R. A. 657, 31 Pac. 1097; *Rose* v. *Kimberly,* 89 Wis. 545.

As shown in *Elston* v. *Piggott,* 94 Ind. 14, however, a foreign corporation, unless forbidden by law, may loan money in this State, take mortgage security therefor, and in the absence of a plea in abatement showing a failure to comply with the laws in relation to foreign corporations, may have judgment of foreclosure in case the debt thereby created is not paid.

It is also clear, we think, that though a foreign corporation may be prohibited from doing a particular kind of business in this State, unless there has first been a compliance with such regulations as may be prescribed by law; yet this will not make it unlawful for such corporation to do business here of a general character, as loaning money or collecting a debt. *Boulware* v. *Davis,* 90 Ala. 207, 9 L. R. A. 601, 8 South. 84.

The action of the court, consequently, in giving appellant judgment for the amount of its loan, together with the liens paid, and interest thereon to date, with a decree of foreclosure, was correct by virtue of the comity between the states.

But neither the appellant nor its assignor having any right as a building and loan association to do business in the State, there was no right on the

part of either to collect any dues, fines, premiums, bonus, or other charges as such building and loan association; and the court did not err in refusing to allow such charges.   See *Wiestling* v. *Warthin*, 1 Ind. App. 217.

The judgment is affirmed.

### On Petition for Rehearing.

HOWARD, J.—Because the trial court found that neither the appellant nor its assignor had complied with the law then in force relating to foreign building and loan associations doing business in this State, counsel argue that it does not thereby follow that appellant's assignor had not complied with the law in force in relation to foreign corporations at the date of the contract and mortgage sued on.   But the court did find that at the time of the trial neither association had any organization "of any kind or character in the State of Indiana as a building and loan association to do or transact business of any kind."   From this finding it certainly follows that neither association had ever acquired any right under our laws to do business in the State.   Their sole rights, if any, were based upon the comity between the states.

To do business in the State as a foreign corporation, it was necessary that appellant should have complied with the law in force at the time of the contract, or, at least, at the time of its attempted enforcement.

There is no doubt, as counsel insist, that if appellant's assignor had complied with the law in force at the date when the contract was entered into, the business so engaged in would have been lawful, and a recovery might have been had in accordance with the terms of the contract.   In such a case, the company would have had a right to do business in the State, which, however, the court, in effect, finds it had not.

The appellant was awarded a decree for all that it was entitled to; the finding in the record would not support a judgment for anything further.

The petition is overruled.