HAWKINS v. PEIRCE.

(Circuit Court, D. Indiana. April 12, 1897.)

1. APPEARANCE—WHAT CONSTITUTES—PETITION FOR REMOVAL.
   The filing, by defendant, of a petition to remove the cause into a federal court, disclaiming any intention to submit to the jurisdiction of the state court, is not an appearance in the action waiving defects in the service or return of summons.
   PROCESS—DEFECTIVE RETURN—AMENDMENT.
   The sheriff cannot amend his return on a summons after the cause has been removed into a federal court.

Palmer & Palmer, for plaintiff.
Charles Schmettau, for defendant.

BAKER, District Judge. On February 12, 1897, the plaintiff filed his complaint in the circuit court of Clinton county, Ind., against the defendant, for the purpose of recovering damages for a personal injury alleged to have been received upon the railroad under the control and management of the defendant as receiver. On the same day a summons in due form was issued upon said complaint, and was delivered on February 13, 1897, to the sheriff of Clinton county, who made return thereon in words and figures following:

"Came to hand Feb. 13, 1897, at 9 o'clock a. m.

"I have served the within summons as commanded, by reading the same to and within the hearing of ——, and by leaving a true and certified copy of

the within summons at the last or usual place of residence of 'Served, leaving a copy with Harry S. McLeod, Agent for Co., Feb. 13,' 1897.

"Jerome Clark, Sheriff of Clinton County."

Said summons was made returnable on March 1, 1897. On that day the defendant, by his attorney, filed a petition, accompanied by a proper bond, for the removal of the cause into the circuit court of the United States for the district of Indiana. In the petition for removal the defendant protested that the state court had acquired no jurisdiction over his person, and disclaimed any and all intent of entering his appearance to said cause in said state court. Upon such petition and bond the state court ordered that the cause should be removed for trial into the circuit court of the United States for the district of Indiana, and that no further proceedings should be had in the state court. The transcript of the record was filed in this court on the 3d day of April, 1897, and on the same day the defendant, by counsel, moved the court in writing to set aside the sheriff's return of service, and to dismiss the action for want of jurisdiction over the defendant, for the reason that the sheriff's return of service showed that no service whatever was had upon the defendant. Counsel for the plaintiff admit that the return of the sheriff is insufficient to confer jurisdiction on the state court, but contend that the defendant's appearance in filing his petition for removal without raising any question as to service or return of service of the summons in the state court was a full appearance to the action, and waived any and all defects in the service of the summons or in the return thereof. This contention of counsel for the plaintiff is unfounded. The supreme court of the United States in a recent case have held that the filing by a defendant in an action in a state court of a petition for its removal to the proper circuit court of the United States does not prevent the defendant, after the case is removed, from moving in the federal court to dismiss it for want of jurisdiction of the person of the defendant in the state court or in the federal court. Railway Co. v. Brow, 164 U. S. 271, 17 Sup. Ct. 126. And in the later case of Society v. Spiro, 164 U. S. 281, 17 Sup. Ct. 996, it is held that a defendant, by filing a petition in a state court for removal of a cause to the United States court, in general terms, unaccompanied by a plea in abatement, and without specifying or restricting the purpose of his appearance, does not thereby waive objection to the jurisdiction of the court for want of sufficient service of the summons. But in the present case, in the petition for removal the defendant expressly protested against the jurisdiction of the state court, and disclaimed any purpose or intention of appearing in said cause, and submitting to the jurisdiction of the state court; so that, irrespective of the principle announced in the two preceding cases, there is no ground in this case for the contention that by filing the petition for removal in the terms in which it was filed the defendant submitted himself to the jurisdiction of the state court. It is suggested by counsel for the plaintiff that McLeod, upon whom process was served, was, in point of fact, the agent of the defendant, and that, therefore, a valid service was made upon

the defendant, and that the only defect is in the sheriff's return; and it is claimed that the sheriff of Clinton county can amend the return so as to show a legal service in point of fact. The jurisdiction of the state court over this cause was terminated by the filing of the petition for removal with the accompanying bond, and this court can issue no order to, nor confer any authority upon, any officer of the state court in respect to any matter or proceeding in this cause in this court. The jurisdiction of this court over the person of the defendant depends exclusively upon the jurisdiction of the state court, and, inasmuch as the state court had acquired no jurisdiction over the person of the defendant before the filing of the petition for removal, nothing can be done in this court in aid of the jurisdiction of the state court. Tallman v. Railroad Co., 45 Fed. 156. It follows that the action must be dismissed.