## STEWART v. HARMON et al.

### (Circuit Court, D. Indiana. December 13, 1899.)

### No. 9,785.

RAILROAD RECEIVERS—ACTIONS AGAINST—SERVICE OF PROCESS ON AGENT.

> The statute of Indiana (2 Burns' Rev. St. 1894, §§ 5334, 5335) providing that every railroad company or other person owning, controlling, or operating any railroad in the state, and having no office or fixed place of business in the state, shall appoint an agent in each county into or through which such railroad runs, on whom process may be served in actions against such company or person, that service on such agent shall be held a legal service on the defendant, and requiring such company or person to also file in each county an instrument authorizing service on such agent, applies to receivers of a court operating a railroad within the state, and in an action in a state court against such receivers the court acquires jurisdiction over the defendants by service of summons within the county on a person stated in the sheriff's return to be the general agent of the receivers, the defendants not being permitted to defeat the jurisdiction by showing their failure to comply with the law.

At Law. This is an action against the defendants, as receivers of the Baltimore & Ohio Southwestern Railway Company, commenced in a state court, and removed by defendants. On motion to quash the service and dismiss for want of jurisdiction over the defendants.

Lincoln Dixon, for plaintiff.

E. W. Strong and McMullen & McMullen, for defendants.

BAKER, District Judge. On the 8th day of July, 1899, the plaintiff filed her complaint in the circuit court of Jennings county, Ind., in two paragraphs, for the purpose of recovering damages for a personal injury alleged to have been received through the carelessness and negligence of the receivers, their servants, agents, and employés, while the plaintiff was riding as a passenger in one of the cars of the defendant receivers. On the same day a summons was duly issued by the clerk of the Jennings circuit court to the sheriff of that county, commanding the defendants, receivers of said railway company, to appear before the circuit court of Jennings county on the 3d day of October, 1899, that being the next ensuing term of that court. The return of the sheriff to the summons is as follows:

"Came to hand July 8, 1899, and is now returned served as commanded by reading to H. J. Berkshire, the general agent of the above-named Judson Harmon and Joseph Robinson, receivers of said Baltimore and Ohio Southwestern Railway Company, at its station at North Vernon, Indiana (said receivers were not found in my bailiwick), and by delivering to said Berkshire a true copy of this summons, this July 8, 1899.                Charles Tripp, Sheriff."

The defendants, on the 16th day of August, 1899, filed their petition and bond for the removal of said cause into the circuit court of the United States for the district of Indiana, and said cause was removed, and a transcript of the record was filed in this court, on September 14, 1899. On the 7th day of November, 1899, the defendants filed their motion in writing in this court to set aside the sheriff's return of service of the summons herein, and to dismiss the action for want of jurisdiction over the defendants, because this court has not acquired jurisdiction of the persons of the defendants, or either

of them, and for the reason that the sheriff's return shows no service whatever upon the defendants, or either of them, and because the sheriff's return shows that the Jennings circuit court had no jurisdiction of the persons of the defendants, or either of them. In support of this motion the defendants cite and rely upon the case of Hawkins v. Peirce (C. C.) 79 Fed. 452. In that case the service of summons was quashed, and the case dismissed, on the ground that the state court from which the cause was removed had never acquired jurisdiction of the person of the defendant by the proper service of process. The return of the sheriff in that case showed that the summons was served by leaving a copy with Harry S. McLeod, agent for the company, February 13, 1897. The question whether service on an agent of the receiver would have been sufficient to give the state court jurisdiction was neither involved nor considered in that case. The return affirmatively showed that the only service had was upon a person who was the agent of the corporation, which was at the time in the hands of a receiver, and not upon a person who was the agent of the receiver.

The statute of this state provides (2 Burns' Rev. St. 1894, § 5334) that:

"Every railroad corporation owning any railroad or the franchises thereof, created under any law of this state, and having no office, director, or fixed place of business in this state, and the vendee, lessee, or other person owning, running, controlling or operating any railroad into or through this state, shall appoint and keep an agent in each and every county in this state into or through which such railroad may run, on whom process may be served in any action brought in the proper county against any of the parties therein named, and service on him shall be held to be a legal service on the defendant the same as if service had been made on the president and directors thereof."

The next section provides that:

"Each and every party mentioned in the preceding section shall file a written instrument in the clerk's office of each and every county in this state into or through which such railroad may run, under the seal of such corporation, vendee, lessee, or other party owning, running, controlling or operating any railroad into or through this state, signed by the president and secretary, if any, authorizing the service of such process, and consenting that the service thereof upon such agent shall be held to be valid in law, and waiving the benefit of error on appeal, by reason of service having been made on such agent."

This statute made it the duty of the receivers to appoint an agent in each county of this state through which the railroad operated by them ran, upon whom service of process might be had in any case properly brought therein. These statutory provisions imposed upon the receivers the obligation and duty to file the written instrument required by the statute. The law deduces the agreement on the part of the receivers to answer in the courts of the state on service made upon their agents from the fact of their operating and controlling a railroad running into or through the state, and the presumption from that fact of assent to such service is conclusive. No averment or evidence to the effect that they had not intended to come under the law of the state is admissible to defeat the jurisdiction. The reason of this rule is that the obligation to file the stipulation is imposed upon them for the protection of the citizens of this state dealing with the receivers; and when, by their own act, their obligation to file the

stipulation is perfect as between them and the citizen, they will not be permitted to relieve themselves from a liability which the written stipulation would have imposed by pleading their own failure, whether negligent or willful, to comply with the statute. In such case the law conclusively presumes that they have done that which they ought to have done. The maxim that no man shall take advantage of his own wrong is as applicable to receivers of corporations as to any other person, and they are estopped to deny that they have executed the stipulation which would have authorized their agents to be served with process as required by the statute. Such stipulation is a condition precedent to their right to operate a railroad into or through any county in this state.

The return of the sheriff affirmatively shows that the receivers did have a general agent in the county of Jennings empowered to represent them in the conduct of the business of the receivership in that county, and, as it was the duty of the receivers to file an instrument in the clerk's office of that county authorizing service upon such agent, the legal presumption is that they had performed their duty, and had conferred such authority upon the agent. But whether they had executed such an instrument conferring such authority is immaterial, for they will not be heard to aver their own failure to perform a legal duty imposed upon them, in order to defeat the jurisdiction of the courts of the state. Ehrman v. Insurance Co. (D. C.) 1 Fed. 471; Berry v. Indemnity Co. (C. C.) 46 Fed. 439; Diamond Plate-Glass Co. v. Minneapolis Mut. Fire Ins. Co. (C. C.) 55 Fed. 27. The motion to dismiss is overruled.