OLD WAYNE MUTUAL LIFE ASSOCIATION OF INDIANAPOLIS *v.* McDONOUGH ET AL.

[No. 20,128. Filed March 8, 1905.]

1. EVIDENCE.—*Transcript of Sister State Judgment.*—*Authentication.* —A transcript of a judgment of a sister state, signed by the presiding judge, who gave his Christian name merely by the initials, is admissible in evidence. p. 323.

2. SAME.—*Final Judgment.*—*What is.*—A transcript of the record of a court of a sister state showing a motion for judgment by default followed by the entry: "By the Court. Whereupon judgment is

Old Wayne, etc., Assn. *v.* McDonough.

entered against defendant in favor of plaintiff for the sum of $1,250 with interest from November 14, 1898," is admissible in evidence, and shows a valid judgment rendered by such court.  p. 324.

3.  CORPORATIONS.—*Territorial Limitations.*—A corporation has no legal right to transact business outside of the jurisdiction creating it, but may do so by comity.  p. 326.

4.  SAME.—*Territorial Restrictions.*—Since a corporation can not by legal right transact business outside of the jurisdiction creating it, a foreign jurisdiction may impose any restrictions it desires upon the transaction of business by such corporation.  p. 327.

5.  SAME.—*Service.—Foreign Statute.*—Service on a foreign insurance corporation by leaving a copy of the summons with the state insurance commissioner is valid where the statute requires such foreign company to agree to such service as a condition precedent to its right to do business in such state.  p. 327.

6.  CONSTITUTIONAL LAW.—*Service on Foreign Corporation.*—A statute providing that as a condition precedent to a right to transact business in such state, a foreign insurance company shall agree that service may be had on such company by leaving summons with the state insurance commissioner, is not in violation of the 14th amendment to the federal Constitution.  p. 328.

7.  CORPORATIONS.—*Territorial Restrictions.—Presumption.*—A foreign corporation is presumed to assent to restrictions imposed by law by the fact of transacting business in the state imposing the restrictions.  p. 328.

8.  PLEADING.—*Complaint.—Sister State Judgment.—Jurisdiction.— Burden.*—A complaint upon a judgment of a sister state which sets out a transcript showing that the trial court had a judge, sheriff and clerk and seal and that it was a court of record is good, since general jurisdiction is presumed therefrom, and the burden of showing want of jurisdiction is on defendant.  p. 329.

9.  JUDGMENT.—*Sister State.—Conclusiveness.*—A judgment conclusive of the rights of parties in a sister state is conclusive in this State by virtue of article 4, §1, of the federal Constitution.  p. 330.

10.  SAME.—*Sister State.—Collateral Attack.*—A judgment of a court of general jurisdiction of a sister state is not subject to a collateral attack in this State, where no law of such sister state is pleaded or proved showing that such judgment is subject to such an attack in such sister state.  p. 330.

From Superior Court of Marion County (62,233); *Vinson Carter,* Judge.

Action by Sarah McDonough and another against the Old Wayne Mutual Life Association of Indianapolis. From a judgment for plaintiffs, defendant appeals. *Affirmed.*

*William A. Ketcham* and *Charles E. Averill,* for appellant.

*Guilford A. Deitch,* for appellees.

Monks, J.—Appellees brought this action upon a judgment recovered by them against appellant, a corporation organized under the laws of this State, in the common pleas court of Susquehanna county, Pennsylvania. A trial of said cause resulted in a finding, and, over a motion for a new trial, a judgment in favor of appellees.

The only error assigned and not waived is that the court erred in overruling the motion for a new trial. The causes assigned for a new trial which are urged as grounds for reversal are: (1) That the decision is not sustained by sufficient evidence; (2) that the decision is contrary to law; (3) that the court erred in admitting in evidence the transcript of the judgment sued upon.

1. The certificate to the transcript of the judgment sued upon is signed, "H. F. Manzer, prothonotary," and the certificate of the judge is signed, "D. W. Searle, president judge." Appellant insists that said transcript was not properly authenticated under §458 Burns 1901, §454 R. S. 1881 and Horner 1901; R. S. U. S. 1878, p. 171, because the full Christian names of said prothonotary and president judge were not signed to said certificates, and that for this reason the court erred in admitting said transcript in evidence. Appellees contend that, if this insistence of appellant is correct, this appeal must be dismissed, for the reason that the signature to the precipe filed with the clerk under §661 Burns 1901, §649 R. S. 1881 and Horner 1901, and the signature to the certificate authenticating the transcript in this case, are open to the same objection. We concur in this contention of appellees. We think, however, that said signatures were sufficient. *Wassels* v. *State* (1866), 26 Ind. 30; *Vanderkarr* v. *State* (1875), 51 Ind. 91, 92; *Collins* v. *Marvil* (1896), 145 Ind. 531, 532. In

*Vanderkarr* v. *State, supra,* the statute required that the prosecuting attorney sign indictments, and this court held that it was sufficient if he signed by his surname in full and his Christian name by its initial. The court said, at page 93: "We think, as a signing by the surname in full and the Christian name by its initial, is generally sufficient in official signatures, that it ought to be held good in the signature of a prosecuting attorney."

2. Appellant next insists that "even if the transcript were properly admitted in evidence, it fails to show any judgment, and therefore the decision was not sustained by sufficient evidence, and was contrary to law." The following appears in the transcript of the proceedings of the common pleas court of Susquehanna county, Pennsylvania, as the final judgment rendered by that court in favor of appellees against appellant: "Now, April 16, 1901, on motion of Miller S. Allen, the court directs judgment for want of an appearance. By the Court. Whereupon judgment is entered against defendant in favor of plaintiff for the sum of $1,250, with interest from November 14, 1898." It is shown by said transcript that Miller S. Allen was the attorney of plaintiffs in said cause. It is said in 1 Freeman, Judgments (4th ed.), §50: "That whatever appears upon its face to be intended as the entry of a judgment will be regarded as sufficiently formal if it shows, (1) the relief granted; and (2) that the grant was made by the court in whose records the entry is written." It clearly appears from said entry that the same was intended to be the entry of a judgment, and it shows the relief granted, and that the same was made by the common pleas court of Susquehanna county, Pennsylvania, in whose records the entry was written. Such a judgment is sufficient in form. 1 Freeman, Judgments (4th ed.), §§50-50b, 51; *Hartley* v. *White* (1880), 94 Pa. St. 31, 34, 36.

In the complaint filed in this action in the court below, the following statute of Pennsylvania, in force since 1883

(Laws of Pennsylvania, 1883, p. 134), was set out, and was also read in evidence: "No insurance company, not of this state, nor its agents, shall do business in this state until he has filed with the insurance commissioner of this state a written stipulation, duly authenticated by the company, agreeing that any legal process affecting the company served on the insurance commissioner, or the party designated by him, or the agent specified by the company to receive service of process for said company, shall have the same effect as if served personally on the company within this state, and if such company should cease to maintain such agent in this state so designated, such process may thereafter be served on the insurance commissioner; but so long as any liability of the stipulating company to any resident of this state continues, such stipulation can not be revoked or modified, except that a new one·may be substituted, so as to require or dispense with the service at the office of the said company within this state, and that such service of process according to this stipulation shall be sufficient personal service on the company. The term process shall be construed to mean and include any and every writ, rule, order, notice, or decree, including any process of execution that may issue in or upon any action, suit, or legal proceeding to which said company may be a party by themselves, or jointly with others, whether the same shall arise upon a policy of insurance or otherwise, by or in any court of this commonwealth having jurisdiction of the subject-matter in controversy, and all writs, rules, orders, notices, or decrees aforesaid, shall be directed to the sheriff, constable, or other officer authorized by law to serve similar writs, of the county wherein the same shall be issued, who is hereby authorized to serve the same on any and every person or persons, body politic or corporate, named in said process with said company, either as plaintiff, defendant or otherwise, or who may be impleaded in said action, suit or proceeding with said company found in said county, and either before or after the

service on the person or persons, body politic or corporate, found in said county aforesaid, as may be directed by the plaintiff or person issuing said process or his attorney, and in the absence of such direction as shall be most cónvenient, the officer to whom said process may be directed, shall, by writing indorsed on or attached to said process, deputize the sheriff, constable or other officer of the county where the state agent designated by any company, as provided by law to receive service of process for said company may reside, to serve the same on him; and in default of an agent appointed by the company as aforesaid, then the officer so charged with the service of said process, shall, in like manner, deputize the sheriff, constable or other officer aforesaid of the county where the agent, if any there be, named by the insurance commissioner may reside, to serve the same on him; and in default of such agent named by the insurance commissioner as aforesaid, then in like manner to deputize the sheriff, constable or other officer as aforesaid of the county where office of the insurance commissioner may be located, to serve the same upon him, and each and every service so made, shall have the same force and effect to all intents and purposes as personal service on said company, in the county where said process issued." The transcript of the judgment sued upon shows that process in said cause against appellant was served upon the insurance commissioner of the state of Pennsylvania. It is insisted by appellant that this statute of Pennsylvania is unconstitutional and void under the 14th amendment to the Constitution of the United States, because it denied appellant due process of law.

3. A corporation can have no legal existence beyond the boundaries of the sovereignty which created it, and it can therefore exercise none of the functions and privileges given it by the law under which it was organized within the limits of other states, except by the comity of such states. *Railroad* v. *Harris* (1870), 12 Wall. (U. S.) 65, 20 L. Ed. 354;

*Bank of Augusta* v. *Earle* (1839), 13 Pet. (U. S.) 519, 558, 10 L. Ed. 274; *Paul* v. *Virginia* (1868), 8 Wall. (U. S.) 168, 181, 182, 19 L. Ed. 357; *Sparks* v. *National, etc., Assn.* (1896), 100 Iowa 458, 464-469, 69 N. W. 678; 13 Am. and Eng. Ency. Law (2d ed.), 837.

4. It follows that a state has the power to exclude foreign corporations entirely, or it may allow them to transact business within its limits, imposing such conditions as it may deem proper, provided they are not repugnant to the constitution. *LaFayette Ins. Co.* v. *French* (1855), 18 How. (U. S.) 404, 407, 15 L. Ed. 451; *Hooper* v. *California* (1895), 155 U. S. 648, 652, 15 Sup. Ct. 207, 39 L. Ed. 297; *Wilson* v. *Seligman* (1892), 144 U. S. 41, 45, 12 Sup. Ct. 541, 36 L. Ed. 338; *Orient Ins. Co.* v. *Draggs* (1899), 172 U. S. 557, 19 Sup. Ct. 281, 43 L. Ed. 552; *Ex parte Schollenberger* (1877), 96 U. S. 369, 24 L. Ed. 853; *Railroad* v. *Harris, supra;* *Waters-Pierce Oil Co.* v. *Texas* (1900), 177 U. S. 28, 20 Sup. Ct. 518, 44 L. Ed. 657; *New York Life Ins. Co.* v. *Cravens* (1900), 178 U. S. 389, 20 Sup. Ct. 962, 44 L. Ed. 1116; *Sparks* v. *National, etc., Assn., supra; Ehrman* v. *Teutonia Ins. Co.* (1880), 1 McCrary (U. S.) 123, 126-129; *Maine Guarantee Co.* v. *Cox* (1896), 146 Ind. 107, 109; *Phenix Ins. Co.* v. *Burdett* (1887), 112 Ind. 204; 5 Rose's Notes, pp. 603-609; Kerr, Insurance, p. 23; 6 Thompson, Corporations, §7998; Brannon, Fourteenth Amendment, 44, 305, 330, 331.

5. In *Ex parte Schollenberger, supra,* a statute of Pennsylvania, the provisions of which were substantially the same as the one in controversy here, was upheld and enforced by the Supreme Court of the United States. The court said, quoting the language of Mr. Justice Swayne in *Railroad* v. *Harris, supra:* " 'It (a corporation) can not migrate, but may exercise its authority in a foreign territory upon such conditions as may be prescribed by the law of the place. One of these conditions may be that it shall consent to be sued there. If it do business there, it will be presumed

to have assented, and will be bound accordingly.' * * *
Applying these principles to the present case, there can not
be any doubt, as it seems to us, of the jurisdiction of the
circuit court over these defendant companies.   They have in
express terms, in consideration of a grant of the privilege of
doing business within the state [Pennsylvania], agreed that
they may be sued there; that is to say, that they may be
found there for the purposes of the service of process issued
'by any court of the commonwealth having jurisdiction of
the subject-matter.'   This was a condition imposed by the
state upon the privilege granted, and it was not unreason-
able.   *LaFayette Ins. Co.* v. *French* [1855], 18 How. 404.''
Laws imposing like conditions have been uniformly sus-
tained by the courts.   *Sparks* v. *National, etc., Assn., supra;*
*St. Clair* v. *Cox* (1882), 106 U. S. 350, 355-357, 1 Sup.
Ct. 354, 27 L. Ed. 222; *Connecticut Mut. Life Ins. Co.* v.
*Spratley* (1899), 172 U. S. 602, 19 Sup. Ct. 308, 43 L. Ed.
569; *New York, etc., R. Co.* v. *Estill* (1893), 147 U. S. 591,
608, 13 Sup. Ct. 444, 37 L. Ed. 292; *Mutual Reserve, etc.,*
*Assn.* v. *Phelps* (1903), 190 U. S. 147, 156, 23 Sup. Ct.
707, 47 L. Ed. 987; *Biggs* v. *Life Assn.* (1901), 128 N. C.
5, 37 S. E. 955, and cases cited; 5 Rose's Notes, pp. 603-
609; Kerr, Insurance, p. 23, and cases cited in note 11.

6.   It is evident that said statute of Pennsylvania is not
in violation of the 14th amendment to the Constitution of
the United States.

7.   It is well settled that when a state has prescribed con-
ditions upon which foreign corporations may do business
within it, any such corporations thereafter doing business in
the state will be presumed to have assented to such condi-
tions.   *Ex parte Schollenberger, supra; Railroad* v. *Harris,*
*supra; Knapp, Stout & Co.* v. *National Mut. Fire Ins. Co.*
(1887), 30 Fed. 607, 608; *Stewart* v. *Harmon* (1899), 98
Fed. 190; *Ehrman* v. *Teutonia Ins. Co., supra; Berry* v.
*Knights Templars', etc., Co.* (1891), 46 Fed. 439; *Diamond*
*Plate Glass Co.* v. *Minneapolis Mut. Fire Ins. Co.* (1892),

55 Fed. 27; *Sparks* v. *National, etc., Assn., supra; Fred Miller Brewing Co.* v. *Council Bluffs Ins. Co.* (1895), 95 Iowa 31-36, 63 N. W. 565; *Pringle* v. *Woolworth* (1882), 90 N. Y. 502, 509; *Franzen* v. *Zimmer* (1895), 35 N. Y. Supp. 612, 615; *Mutual Fire Ins. Co.* v. *Hammond* (1899), 106 Ky. 386, 50 S. W. 545; *Murfree, Foreign Corp.*, §203; 6 *Thompson, Corporations*, §8027; *Alderson, Judicial Writs and Process*, p. 207. While many of the authorities cited hold that such presumption is conclusive, and that the foreign corporation is estopped from denying that it filed the stipulation required, to sustain the judgment sued upon we need only hold that, in the absence of pleading and proof to the contrary, such presumption will be indulged. There was nothing in the pleading and proof in this case to overthrow such presumption, even if the same were permissible.

8. It appears from the transcript of the proceedings and judgment of the common pleas court of Susquehanna county, Pennsylvania, that said action was brought upon a policy of insurance on the life of one McNally, issued to him by appellant on December 3, 1897, payable to appellee Sarah McDonough and Winifred Herrity, deceased, and, as we have stated, the process in said action was served on the insurance commissioner of the state of Pennsylvania, and judgment was rendered against appellant for want of an appearance. The facts alleged in the declaration in said cause show that appellant was an Indiana corporation, and was doing the business of life insurance in said state of Pennsylvania before said policy was issued on December 3, 1897, and continued to do such business in said state until after the commencement of said action, and that said business was carried on "more particularly in the counties of Susquehanna and Lackawanna in said state." It was also alleged that appellant had no duly appointed agent in said county of Susquehanna upon whom process could be served, other than the commissioner of insurance of said state, and that he was the proper person to be served with process in said

cause. Said transcript shows that said court had a judge, a sheriff, and a clerk and seal, and that it was a court of record; and the presumption is, therefore, that it was a court of general jurisdiction; that it had jurisdiction of the subject-matter of the action, and of the parties thereto, and that the proceedings were regular and according to the laws of Pennsylvania—at least until want of jurisdiction is shown. Unless this want of jurisdiction appears from the transcript of the proceedings of said court, the burden of showing the same was upon appellant. *American Mut. Life Ins. Co.* v. *Mason* (1902), 159 Ind. 15, 19, and authorities cited; *VanNorman* v. *Gordon* (1899), 172 Mass. 576, 579, 53 N. E. 267, 44 L. R. A. 840, 70 Am. St. 304, and cases cited; *McMahon* v. *Eagle Life Assn.* (1897), 169 Mass. 539, 48 N. E. 339, 61 Am. St. 306; *Reid* v. *Boyd* (1855), 13 Tex. 241, 65 Am. Dec. 61, 62, and cases cited; note to *Kelley* v. *Kelley* (1894), 42 Am. St. 398; 2 Freeman, Judgments (4th ed.), §565; 2 Black, Judgments (2d ed.), §896. Want of jurisdiction over the subject-matter or the person of appellant is not shown by said transcript, nor has appellant, by pleading or proof, shown such want of jurisdiction.

9. Section 1, article 4, of the Constitution of the United States provides: "Full faith and credit shall be given in each state to the public records and judicial proceedings of every other state." This section requires that a judgment of a sister state be given the same faith and credit in every other state that it has at home. · If it is conclusive where rendered, it is conclusive in the other states of the Union. 2 Freeman, Judgments (4th ed.), §575; 2 Black, Judgments (2d ed.), §859; *American Mut. Life Ins. Co.* v. *Mason, supra; VanNorman* v. *Gordon, supra; Parker* v. *Stoughton Mill Co.* (1895), 91 Wis. 174, 64 N. W. 751, 51 Am. St. 881; *Fred Miller Brewing Co.* v. *Capital Ins. Co.* (1900), 111 Iowa 590, 82 N. W. 1023, 82 Am. St. 529.

10. No law of the state of Pennsylvania as to the faith and credit accorded to the judgments of its courts of general

jurisdiction was alleged or proved at the trial of the cause. In the absence of such proof, it has been held in some states that the court will presume that the laws of the state where the judgment was rendered, as to the faith and credit to be given said judgment, are the same as its own, while in other states it has been held that the faith and credit to be given such judgment is to be determined by the rules of the common law, which is presumed to prevail in that state. 2 Black, Judgments (2d ed.), §860; 2 Freeman, Judgments (4th ed.), §571; *Draggoo* v. *Graham* (1857), 9 Ind. 212, 215; *Crake* v. *Crake* (1862), 18 Ind. 156. Under either view the judgment sued upon was not open to collateral attack in this State. *American Mut. Life Ins. Co.* v. *Mason, supra.* It was said by the court in the Mason case, citing many authorities: "It is settled that the judgments of the courts of any state having jurisdiction over the subject-matter and of the parties are conclusive on the merits in the other states of the Union until reversed on appeal, or set aside and vacated in a proper proceeding by the court which rendered the judgment, and are not, therefore, open to collateral attack."

Judgment affirmed.