### SMOLIK v. PHILADELPHIA & READING COAL & IRON CO.

### TOBIAS v. SAME.

#### (District Court, S. D. New York. April 21, 1915.)

CORPORATIONS ⬚665—FOREIGN CORPORATIONS—ACTIONS—SERVICE OF PROCESS.

General Corporation Law N. Y. (Consol. Laws, c. 23) § 16, provides that, before granting a certificate to do business in the state to a foreign corporation, the secretary of state shall require every such corporation to file a statement designating a person upon whom process against the corpora-

tion may be served. Code Civ. Proc. N. Y. § 432, provides that personal service of the summons upon a foreign corporation must be made by delivering a copy thereof within the state to a person designated as provided in section 16 of the General Corporation Law. Section 1780, Code Civ. Proc., provides that an action against a foreign corporation may be maintained by a resident of the state for any cause of action. *Held* that jurisdiction was acquired by a New York state court or a federal court sitting in New York by personal service of the summons within the state upon the person designated, though the cause of action sued on did not arise out of the business done by the corporation in New York.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2571, 2573, 2595–2600; Dec. Dig. ☜665.]

At Law. Two actions, by Anthony Smolik, and by Stanley Tobias, an infant, by Wladyslaw Tiburski, his guardian ad litem, against the Philadelphia & Reading Coal & Iron Company. On motion in each action to set aside the service of process. Motions denied.

In each of these cases the defendant moves to set aside the service of process upon an agent designated by it to accept service, as provided in section 16 of the General Corporation Law of the state of New York, and in section 432 of the New York Code of Civil Procedure. In one case the action was brought in the state court, and the defendant, appearing specially for the purpose of setting aside the service, removed it to this court. The other was originally brought in this court, and the motion is made upon a special appearance only for this purpose. The ground of each motion is that the defendant is a Pennsylvania mining corporation, doing business, but having no part of its mines, in this state, and that the action arises from personal injuries suffered by the plaintiff in Pennsylvania while an employé of the defendant in its mines there situated.

Section 16 of the General Corporation Law of New York requires every corporation doing business in that state to take out a license, without which it cannot sue or defend in any action of contract, and is subject to other penalties. One condition of procuring such a license is the appointment of an agent within the state upon whom all process may be served. Such an agent the defendant did appoint, and service was made upon him as stated at the outset.

Pierre M. Brown, of New York City, for the motions.
Roderic Wellman, of New York City, for Tobias.
Martin T. Manton, of New York City, for Smolik.

LEARNED HAND, District Judge (after stating the facts as above). In Simon v. Southern Railway, 236 U. S. 115, 35 Sup. Ct. 255, 59 L. Ed. ——, the Supreme Court decided that a court of Louisiana had not acquired jurisdiction under the following facts: The defendant was a railroad company organized in another state, having none of its railroad in Louisiana, but doing some business there. The statutes of Louisiana directed all foreign corporations doing business in the state to appoint an agent on whom process should be served, and provided that, if the corporation failed to make an appointment, service might be made upon the secretary of state. The defendant not having appointed any such agent, Simon served his process on the assistant secretary of state in an action arising upon the tort of the defendant committed within the state of Alabama. The ground of the decision was that the implied consent of the corporation arising from its doing

business within Louisiana must be limited to actions arising out of the business done within the state. The same rule was laid down in Old Wayne Life Association v. McDonough, 204 U. S. 8, 27 Sup. Ct. 236, 51 L. Ed. 345; the action there being in Pennsylvania upon a life insurance contract executed in Indiana by an Indiana corporation.

In Simon v. Southern Railway, supra, the court especially reserved from the decision a case, such as those at bar, where a foreign corporation has complied with the state statute and appointed an agent upon whom process may be served. Such a case at first blush presents an apparent contradiction. Since 1839 (Bank of Augusta v. Earle, 13 Pet. 519, 10 L. Ed. 274) it has been the doctrine of the Supreme Court that a foreign corporation was a fictitious entity, which had no existence outside of the territory of the sovereign which created it. All its acts elsewhere must be viewed as those of an absent principal, acting through an authorized agent. It resulted that personal jurisdiction could arise only when some agent had been appointed who was expressly authorized to appear or to accept service for the absent principal. St. Clair v. Cox, 106 U. S. 350, 1 Sup. Ct. 354, 27 L. Ed. 222. Otherwise, the foreign state must proceed in rem against the property of the corporation, or in personam against agents within its borders. In 1855 (Lafayette Insurance Co. v. French, 18 How. 404, 15 L. Ed. 451), the court modified the extreme application of this doctrine by holding that, when a corporation did business within a foreign state which required as a prerequisite the appointment of an agent, consent to such an appointment must be assumed from the doing of the business, and that jurisdiction in personam would be acquired, just as if there had been in fact an appointment. St. Clair v. Cox, supra.

The defendant here argues that the terms of such an implied consent cannot be supposed to be other than those which the state statute attempts to exact, and that if the implied consent is to be limited, as has now been indubitably done, the express consent must be limited in exactly the same way. Were this not true, the defendant urges, an outlaw who refused to obey the laws of the state would be in better position than a corporation which chooses to conform. The theory of implied consent dialectically requires the same limitations to be imposed upon express consents, at least in the absence of some explicit language to the contrary in the state statute.

The plaintiffs, on the other hand, urge that the express consent of a foreign corporation to the service of process upon its agent (section 16, General Corporation Law; section 432, Code of Civil Procedure) must be interpreted in the light of the statutes of the state, giving jurisdiction to its own courts, and that in the cases at bar residents of New York may, under the New York Code, section 1780, sue foreign corporations upon any cause of action whatever. While, of course, the jurisdiction of this court over the subject-matter of suits depends altogether upon federal statutes, the question now is of personal jurisdiction, and that depends upon the interpretation of the consent actually given, an interpretation determined altogether by the intent of the state statutes. That intent being determined, there is no constitutional objection to a state's exacting a consent from foreign corporations to any

jurisdiction which it may please, as a condition of doing business. Intent and power uniting in the sections in question, how is it possible to confine the provision to actions arising from business done within the state?

These two arguments, treated as mere bits of dialectic, lead to opposite results, each by unquestionable deduction, so far as I can see. One must be vicious, and the vice arises I think from confounding a legal fiction with a statement of fact. When it is said that a foreign corporation will be taken to have consented to the appointment of an agent to accept service, the court does not mean that as a fact it has consented at all, because the corporation does not in fact consent; but the court, for purposes of justice, treats it as if it had. It is true that the consequences so imputed to it lie within its own control, since it need not do business within the state, but that is not equivalent to a consent; actually it might have refused to appoint, and yet its refusal would make no difference. The court, in the interests of justice, imputes results to the voluntary act of doing business within the foreign state, quite independently of any intent.

The limits of that consent are as independent of any actual intent as the consent itself. Being a mere creature of justice it will have such consent only as justice requires; hence it may be limited, as it has been limited in Simon v. Southern Railway, supra, and Old Wayne Insurance Co. v. McDonough, supra. The actual consent in the cases at bar has no such latitudinarian possibilities; it must be measured by the proper meaning to be attributed to the words used, and, where that meaning calls for wide application, such must be given. There is no reason that I can see for imposing any limitation upon the effect of section 1780 of the New York Code, and as a result I find that the consents covered such actions as these. This does not, of course, touch the question of the jurisdiction of this court over the subject-matter in either case.

Motions denied.