## LUSK v. PACIFIC MUT. LIFE INS. CO.
### No. 1775.

District Court, W. D. Louisiana, Monroe Division.

Feb. 7, 1930.

See, also, Pacific Mut. Life Ins. Co. v. Lusk, 46 F.(2d) 505.

Hodge & Barnett, of Rayville, La., for plaintiff.

Hudson, Potts, Bernstein & Sholars, of Monroe, La., for defendant.

DAWKINS, District Judge.

This suit was filed in the state court for West Carroll parish and removed here on the ground of diverse citizenship. The petition alleges that the defendant is a California corporation, domiciled in the city of Los Angeles, Cal., "and authorized to do an insurance business in the state of Louisiana"; that it is indebted to plaintiff in the sum of $5,200, as the assignee of a policy issued to John A. Hurt, insuring him "against loss of life and against disability resulting from bodily injuries through accidental means, and against disability during the existence of said policy resulting from sickness"; that all premiums have been paid; that the transfer and assignment to plaintiff was accepted, approved, and indorsed on the policy by the defendant through its proper officers; that said assignment was in accordance with the law and provisions of said policy; that Hurt had become totally disabled and was entitled to the benefits of the policy prior to its assignment; that, since said assignment, on December 20, 1927, petitioner has been entitled to receive said benefits at the rate of $200 per month; that due proof of said claim had been made; that said Hurt had been examined from time to time by defendant and its agents and said disability is well known to it; and that, because of the failure to pay the sums claimed within sixty days after they became due, petitioner is entitled to recover under a state statute double the amount thereof, together with interest and attorneys' fees. Plaintiff further alleged that "service of citation should be made of the Secretary of State, J. J. Bailey, at Baton Rouge, Louisiana."

The prayer was "for service of citation hereof according to law, upon the Secretary of State, and after legal delays for judgment against the defendant for the sums claimed."

Defendant has filed an exception to the jurisdiction rationæ materiae et personae, in which it is stated that the defendant is a foreign corporation, and "that the policy upon which the suit herein has been brought, was

issued by it in the state of Alabama to John A. Hurt, domiciled in the town of Citronel, in said state," and that service upon the secretary of state does not bring defendant into court.

The petition sets forth neither the state wherein the policy was made nor where the assignment was given, and the only information upon this point before the court is the statement in the exception, to which counsel alone makes oath on information and belief. The matter has been submitted upon argument and brief without the introduction of any evidence. A copy of the citation appears in the certified copy of the record sent up by the clerk of the state court, and it is addressed "to the Pacific Mutual Life Insurance Company, of California, James J. Bailey, Secretary of State, Baton Rouge, Louisiana." However, the matter has been argued, according to my understanding, upon the assumption that the allegations of the exception that the policy contract was made out of this state are true, and I shall proceed to dispose of the issue on that basis.

The contention of the defendant is, of course, that the action is of a transitory nature and could be brought only either in the state where the contract was made or at its domicile. Among the authorities cited is the case of Old Wayne Mutual Life Insurance Company v. McDonough, 204 U. S. 8, 27 S. Ct. 236, 241, 51 L. Ed. 345. In that case the plaintiff sued in the state of Indiana upon a judgment obtained in the courts of Pennsylvania. It was shown that the plaintiff, in his suit in the latter state, had specifically alleged that the contract was made in and governed by the laws of Indiana, for the purpose of avoiding a plea of limitations which it was thought would not have been good if the matter was controlled by the Indiana law. The insurance company had not qualified to do business in Pennsylvania, and, although it was assumed, as alleged, that it had done a small amount of business in that state, it had made no appearance whatever, and judgment went against it by default. Appearing for the first time in the proceeding in Indiana, the insurance company pleaded the nullity of the Pennsylvania judgment on the ground that the court which rendered it was wholly without jurisdiction. The state courts (164 Ind. 321, 73 N. E. 703) overruled this defense, but it was sustained by the Supreme Court of the United States on certiorari on the ground that there had not been due proc-

ess of law as required by the Fourteenth Amendment to the Federal Constitution, and among other things the court said:

"Conceding, then, that by going into Pennsylvania, without first complying with its statute, the defendant association may be held to have assented to the service upon the insurance commissioner of process in a suit brought against it there in respect of business transacted by it in that commonwealth, such assent cannot properly be implied where it affirmatively appears, as it does here, that the business was not transacted in Pennsylvania. Indeed, the Pennsylvania statute, upon its face, is only directed against insurance companies who do business in that commonwealth,—'in this state.' While the highest considerations of public policy demand that an insurance corporation, entering a state in defiance of a statute which lawfully prescribes the terms upon which it may exert its powers there, should be held to have assented to such terms as to business there transacted by it, it would be going very far to imply, and we do not imply, such assent as to business transacted in another state, although citizens of the former state may be interested in such business."

In the present case, however, it is alleged that the defendant was "authorized to do an insurance business in the state of Louisiana" and that service of citation should be made upon the secretary of state according to law. The law of Louisiana controlling the right of foreign companies to do business in the state is found in article 2 of Act 105 of 1898. Section 1 of this article reads as follows:

"Section 1. Be it further enacted, etc., That, no Insurance company, corporation, association or society organized under the laws of any State in the United States, or any foreign country shall directly or indirectly issue policies, take risks or transact business in this State, until it shall have first appointed in writing the Secretary of State of this State to be the true and lawful attorney of such company, corporation, association or society, in and for this State upon whom all lawful process in any action or proceeding against the company, corporation, association or society may be served *with the same effect as if the company, corporation, association or society existed in this State. Said power of attorney shall stipulate and agree on the part of the company, corporation, association or society that any lawful process against the same, which is served on said attorney shall be of the same legal force*

*and validity as if served on the company, corporation, association or society, and that the authority shall continue in force so long as any policy, or other liability remains outstanding against the company, corporation, association or society in this State.* A certificate of such appointment, duly certified and authenticated, shall be filed in the office of the Secretary of State and copies certified by him shall be deemed sufficient evidence. *Service upon such attorney shall be deemed sufficient service upon the principal.*

"Whenever lawful process against a company, corporation, association or society shall be served upon the Secretary of State he shall forthwith forward a copy of the process served on him by registered mail, postpaid, and directed to the Secretary or manager of the company.

"Provided the provisions of this section shall not be construed to interfere with the rights to sue insurance companies at the place of loss, as now provided by law.

"Provided, That no judgment by default shall be entered against any company, corporation, association or society if it can be shown to the satisfaction of the court that the Secretary of State has neglected or failed to forward copy of process at the time said service was made upon him.

"Whenever service of process on an insurance company may be made by law on the Secretary of State, he may, from time to time, designate some person in his office upon whom, in his absence, service of such process may be made; and such service shall be of the same force and effect as though made on the Secretary personally." (Italics by the writer of this opinion.)

It will be seen from the quoted language that most elaborate provisions were made to insure notice or knowledge to insurance companies of the bringing of such actions, for the secretary of state is required to send a copy of the process by prepaid registered mail, directed to the secretary or manager of the company. No judgment by default can be entered against such defendant if it be shown to the satisfaction of the court that the secretary of state has neglected or failed to forward copies of the process at the time service was made upon him.

The question here, therefore, is not one of due process of law, but as to the scope and meaning of the statute as to whether it was intended to include causes of action arising elsewhere than in the state. In view of the allegations of the petition that the defendant had qualified to do business in this state, I must assume that it was done in compliance with this statute, and which had the effect to require the consent of the defendant that all "process in any action or proceeding against the company * * * may be served with the same effect as if the company * * * existed in this State." There is no distinction made by the statute between causes of action growing out of business done in and out of the state, and the quoted language is certainly broad enough to include "any action" which a citizen of this state may have against an insurance company. The petition alleges that plaintiff is "a resident of said parish and state," and, while he claims under an assignment, he further alleges that this assignment was accepted and approved by the defendant. The situation presented, therefore, is one where a citizen of this state is suing under the statute upon a policy or contract peculiar to the business for which defendant came into the state.

In the case of Pennsylvania Fire Insurance Company v. Gold Issue Mining Company, 243 U. S. 93, 37 S. Ct. 344, 345, 61 L. Ed. 610, the "Company had obtained a license to do business in Missouri, and to that end, in compliance with what is now Missouri Rev. Stat. 1909, § 7042, had filed with the superintendent of the insurance department a power of attorney consenting that service of process upon the superintendent should be deemed personal service upon the company so long as it should have any liabilities outstanding in the state. The present suit was begun by service upon the superintendent. The insurance company set up that such service was insufficient except in suits upon Missouri contracts, and that if the statute were construed to govern the present case, it encountered the 14th Amendment by denying to the defendant due process of law. The supreme court of Missouri held the statute applied and was consistent with the constitution of the United States. 267 Mo. 524, 184 S. W. 999." The case originated in and was prosecuted through the state courts, and went to the Supreme Court of the United States on writ of certiorari. The policy had been issued and covered property in the state of Colorado, and the defendant was an Arizona corporation. In affirming the decision of the state court (267 Mo. 524, 184 S. W. 999), the Supreme Court, through Justice Holmes, said:

"The defendant relies upon Old Wayne Mutual Life Asso. v. McDonough, 204 U. S. 8, 27 S. Ct. 236, 51 L. Ed. 345, and Simon v. Southern R. Co., 236 U. S. 115, 35 S. Ct. 255, 59 L. Ed. 492. But the distinction between those cases and the one before us is shown at length in the judgment of the court below, quoting a brief and pointed statement in Smolik v. Philadelphia & Reading Coal & Iron Co. [D. C.] 222 F. 148—a statement reinforced by Cardozo, J., in Bagdon v. Philadelphia & R. Coal & I. Co., supra [217 N. Y. 432, 111 N. E. 1075, L. R. A. 1916F, 407, Ann. Cas. 1918A, 389]. In the above-mentioned suits the corporations had been doing business in certain states without authority. They had not appointed the agent as required by statute, and it was held that service upon the agent whom they should have appointed was ineffective in suits upon causes of action arising in other states. The case of service upon an agent voluntarily appointed was left untouched. 236 U. S. 129, 130 [35 S. Ct. 255, 59 L. Ed. 492]. If the business out of which the action arose had been local, it was admitted that the service would have been good, and it was said that the corporation would be presumed to have assented. Of course, as stated by Learned Hand, J., in [Smolik v. Philadelphia & Reading Coal & Iron Co. (D. C.)] 222 F. 148, 151, this consent is a mere fiction, justified by holding the corporation estopped to set up its own wrong as a defense. Presumably the fiction was adopted to reconcile the intimation with the general rules concerning jurisdiction. Lafayette Insurance Co. v. French, 18 How. 404, 15 L. Ed. 451; Michigan Trust Co. v. Ferry, 228 U. S. 346, 353, 33 S. Ct. 550, 57 L. Ed. 867, 874. But when a power actually is conferred by a document, the party executing it takes the risk of the interpretation that may be put upon it by the courts. The execution was the defendant's voluntary act. The Eliza Lines, 199 U. S. 119, 130, 131, 26 S. Ct. 8, 50 L. Ed. 115, 120, 4 Ann. Cas. 406."

See, also, Smolik v. Philadelphia & Reading Coal & Iron Co. (D. C.) 222 F. 148; also Rose's Notes to Pen. Fire Ins. Co. v. Gold Issue Min. & Mill Co., supra, vol. 5, Rev. Ed. Sup. p. 785; Philadelphia & Reading Coal & Iron Co. v. Kever (C. C. A.) 260 F. 534.

My opinion is, therefore, that the case now before the court is, on the face of the pleadings, exactly similar to the one just quoted from, and for that reason the plea to the jurisdiction will be overruled. All rights of the defendant will be reserved until the next regular term of court at Monroe.